AMY HARDEN, WIDOW, AND WILL BOOZER HARDEN, MINOR SON, DEPENDENTS, v. THOMASVILLE FURNITURE COMPANY, EMPLOYER, AND HARTFORD ACCIDENT AND INDEMNITY COMPANY, CARRIER.

(Filed 19 November, 1930.)

1. **Master and Servant F b—Death of employee, killed by another employee from personal enmity unrelated to employment, is not compensable.**

In order for compensation to be recovered for the death of an employee under the Workmen's Compensation Act it is required that the injury causing death result from an accident arising out of and in the course of the employment, as a proximate cause: and where compensation is sought for the killing of one employee by another for purely personal and unrelated grounds, or when one was employed at night and the other by day, and the killing at night was a result of personal enmity alone, and these facts are found by the Commission and approved by the trial judge, the judgment denying the right of compensation will be affirmed on appeal.

2. **Same—Whether injury to employee is result of accident arising out of and in course of employment is question of law and of fact.**

The question of whether compensation is recoverable under the Workmen's Compensation Act depends upon whether the accident complained of arises out of and in the course of the employment of the one injured, and its determination depends largely upon the facts of each particular case as matters of fact and conclusions of law, and general definitions are unsatisfactory.

APPEAL by plaintiffs from *McElroy, J.,* at February Term, 1930, of DAVIDSON.

This is a proceeding under the North Carolina Workmen's Compensation Act, in which the plaintiffs seek compensation for the death of Robert Boozer Harden.

The case was first heard at Lexington on 24 October, 1929, by J. Dewey Dorsett, Commissioner, who made an award dismissing the claim on the ground that the injury causing the death did not arise out of the employment of the deceased. The plaintiffs made application for a review of this award, which, after a hearing by the full Commission, was duly affirmed. From this decision the plaintiffs appealed to the Superior Court and the award was again confirmed. The plaintiffs excepted and appealed to this Court.

It appears from the statement of the case made by Commissioner Dorsett that Odell Bruton and the deceased had been in the employ of the Thomasville Furniture Company, Bruton as a sweeper working by day, and the deceased as a night-watchman; that between one and three o'clock on the night of 2 August, 1929, Bruton, on account of domestic trouble between the two men, shot and instantly killed the de-

ceased, while the latter was on duty as night-watchman; that there is no evidence of ill will between them relating to any matter pertaining to their work; and that Bruton has been convicted of murder in the second degree and sentenced to imprisonment.

The Commissioner found as facts, that the deceased and the Furniture Company had accepted the provisions of the North Carolina Workmen's Compensation Act and the Furniture Company had insured its liability with its codefendant; that Bruton shot and killed the deceased from ambush; that the injury sustained by the deceased was not the result of an accident arising out of his employment by the Furniture Company; that Bruton's work in the day had no connection with that done by the deceased at night; that the homicide was the result of ill will and matters entirely personal to the two men and disassociated with the employment of either by the Furniture Company; that Bruton was not insane; that the average weekly wages of the deceased were $24.50; and that the plaintiffs were solely dependent upon the deceased at the time of his death.

. The findings of fact were approved by the full Commission and the Superior Court found that the facts are supported by the evidence.

Walser & Walser and D. L. Pickard for appellants.
Spruill & Olive for appellees.

ADAMS, J. As defined in the North Carolina Workmen's Compensation Act, the word "death," as a basis for a right to compensation means death resulting from an injury; and "injury" and "personal injury" mean injury by accident arising out of and in the course of the employment, and do not include disease in any form unless it results naturally and unavoidably from the accident. Sec. 2 (f) (j). The mere fact that an injury is the result of the wilful or criminal assault of a third person does not prevent the injury from being accidental. Conrad v. Foundry Co., 198 N. C., 723. We understand it to be conceded that the injury resulting in the death of Robert Boozer Harden was accidental within the meaning of the act and that it arose in the course of his employment. The gravamen of the controversy is the averment and contention that the death resulted from an injury by accident arising "out of" the employment. The Commissioner's fourth finding of facts is to the effect that the injury sustained by the deceased was not the result of an accident arising out of his employment by the Furniture Company; and this finding was afterwards approved by the full Commission.

Whether the accident arose out of the employment is not exclusively a question of fact; it is a mixed question of fact and law. Bryant v. Fissel, 86 At. (N. J.), 458; Todd v. Man. Co., 128 At. (Md.), 42; and so, no doubt, the Commissioner and the full Commission intended

to treat it—the specific inquiry being whether from facts which are not in controversy it results as a legal inference that the accident did not arise out of the employment.

While the phrase "in the course of" refers to time, place, and circumstance, the words "out of" relate to the origin or cause of the accident. *Conrad v. Foundry Co., supra.* In *Chambers v. Oil Co., ante,* 28, it is suggested that the term "arising out of the employment" is perhaps not capable of precise definition; and *In re Employers' Liability Assurance Corporation,* 102 N. E., 697, the Supreme Judicial Court of Massachusetts remarked that it is not easy to give a definition of the words accurately including all cases within the act and precisely excluding those outside its terms. In the latter case it is said: "It (the injury) arises 'out of' the employment, when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence."

If an employee has sustained an injury, the risk of which might have been contemplated by a reasonable person as incidental to the service when he entered the employment, the injury may be said to have arisen out of the employment; and it may be said to be incidental to the employment when it is either an ordinary risk directly connected with the employment or an extraordinary risk which is only indirectly connected with the service owing to the special nature of the employment. *Bryant v. Fissell, supra; Union Sanitary Co. v. Davis,* 115 N. E. (Ind.), 676.

The decisions of various courts involving injuries inflicted by assault serve to emphasize the remark that each case must be decided upon its special facts. Utterances on the question in various jurisdictions may not easily be reconciled, but we are of opinion that the weight of authority is in support of the principle that if one employee assaults another solely under the impulse of anger, or hatred, or revenge, or

vindictiveness, not growing out of but entirely foreign to the employment, the injury should be treated as the voluntary act of the assailant and not as one arising out of or incident to the employment. Particularly is this true if the employees are given different hours of labor and the service of one is in no way related to that of the other. In such case the risk does not "flow from the employment as a rational consequence." *Matter of Heitz v. Ruppert,* 218 N. Y., 148; *Jacquemin v. Turner & Seymour Man. Co.,* 103 At. (Conn.), 115; *Union Sanitary Man. Co. v. Davis, supra; Matter of Scholtzhauer v. C. & L. Lunch Co.,* 233 N. Y., 12; *Pioneer Coal Co. v. Hardesty,* 133 N. E. (Ind.), 298.

A different question arises when the employee is assaulted while he is defending his employer or his employer's property, or when the assault is incidental to some duty of the employment, as in *Ohio Building Safety Vault Co. v. Industrial Board,* 115 N. E. (Ill.), 149, and *Shafter Estate Co. v. Industrial Accident Commission,* 166 Pac. (Cal.), 24.

In the present appeal we do not find any fact or circumstance indicating any causal connection between the conditions under which the deceased was working and the injury he suffered, or by which we may trace the injury to the employment of the deceased as a contributing proximate cause. The evidence taken at the hearing is not in the record, but there is no finding that the deceased was assaulted because he was on duty as a watchman or that he was injured in defense of the employer's property, or by reason of any other fact connected with his service. The motive which inspired the assault was unrelated to the employment of the deceased and was likely to assert itself at any time and in any place. In this respect the present case differs from those cases in which the injury complained of was directly traceable to and connected with the employment. In the light of these facts we are led to the conclusion that the deceased did not sustain an injury by accident arising "out of" the course of his employment. Judgment

Affirmed.