The hearing commissioner found the facts and the conclusion of law was to the effect that W. W. Canter's dependents could not recover. Upon appeal to the full Commission, the findings of fact and conclusion of law before the hearing Commissioner were affirmed, denying compensation. Appeal was taken to the Superior Court, and the judgment of the court below is as follows: "It is ordered and adjudged and decreed that the judgment of the Industrial Commission is hereby in all things confirmed and the petitioners in this cause are denied any compensation in this action; and that the defendants, the board of education and the Maryland Casualty Company, go without day." The dependents of W. W. Canter, deceased, excepted, assigned error to the judgment as signed, and appealed to the Supreme Court.
The only material exception and assignment of error is to the testimony of Dr. M. S. Martin. We do not think it necessary to pass upon the competency of this evidence.
Public Laws 1929, chap. 120, sec. 2(f), (Workmen's Compensation Act) is as follows: "`Injury' and `personal injury' shall mean only injury by accident arising out of and in the course of the employment, and shall not include a disease in any form, except where it results naturally and unavoidably from the accident." See, also, sec. 4.
On all the evidence appearing in the record, we think the death of W. W. Canter, the employee of defendant Surry County Board of Education, was not the result of an "injury by accident arising out of and in the course of the employment." There was no causal relation between the accident and the employment. The judgment below is
Affirmed. *Page 837