ETTA BEAVERS v. LILY MILL AND POWER COMPANY ET AL.

(Filed 28 June, 1933.)

1. **Master and Servant F b—Injury in this case held not to have resulted from accident arising out of and in course of employment.**

    Claimant joined other employees on the mill ground at the suggestion of the foreman for the purpose of taking a group picture, and was injured when a seat prepared by the photographer collapsed. The employer had no interest in the picture, which was taken of those voluntarily wishing to appear therein, the photographer alone intending to profit from their sale. *Held,* the injury did not result from an accident arising out of and in the scope of claimant's employment.

2. **Same—**

    In order for an accidental injury to be compensable under the Compensation Act it must arise out of and in the course of the employment, and both elements are essential to an award.

CLARKSON, J., dissenting.

APPEAL by defendants from *Schenck, J.,* at October Term, 1932, of CLEVELAND.

Proceeding under Workmen's Compensation Act to determine liability of defendants for injury to plaintiff.

BEAVERS *v.* POWER CO.

The plaintiff suffered an injury by accident on 14 July, 1931, while a group picture of the mill employees of the Lily Mill and Power Company was being taken on the mill premises by a private photographer. The employer had no interest in having the picture taken; it was not for use in the business; it included those who voluntarily wished to appear in the group; the photographer alone intended to profit by a sale of the pictures.

The group of employees was composed of the night shift who had congregated on the premises waiting for the day shift to come out of the mill. The facts upon which the Industrial Commission predicated its award are as follows:

"Sometime between five forty-five and six o'clock as the plaintiff was entering the mill of the defendant employer she was told by some one and it appears from the evidence that the person who told her was the foreman in charge, to go out and join some other employees in having their picture made. In compliance with this request the plaintiff joined the other employees and took a seat on a bench prepared by a Shelby photographer for the purpose of accommodating the employees while the picture was being made and it seems that this bench collapsed causing the injury complained of by the plaintiff."

The hearing commissioner stated the case thusly:

"The question presented in this cause is whether or not this accident arose out of and in the course of the employment. This is a rather close case but under all the circumstances the Commissioner is of the opinion that the plaintiff has made out her claim against the defendants."

The findings and conclusion of the hearing commissioner were approved by the full Commission, and, on appeal to the Superior Court, the award was upheld. Defendants appeal.

*C. B. McBrayer for plaintiff.*
*J. Laurence Jones for defendants.*

STACY, C. J. The sole question presented by the appeal is whether plaintiff was injured by accident arising out of and in the course of her employment. We think not. *Conrad v. Foundry Co.,* 198 N. C., 723, 153 S. E., 266.

It is true, the accident took place on the mill premises. But it could hardly be said to have arisen "out of and in the course of the employment," both of which are necessary to justify an award under the Workmen's Compensation Act. *Hunt v. State,* 201 N. C., 707, 161 S. E., 203; *Harden v. Furniture Co.,* 199 N. C., 733, 155 S. E., 728. It was not the result of one of the risks incident to the employment. *Gennell v. Daniels*

*Co.*, 203 Mich., 73, 7 A. L. R., 1301. The condition antecedent to compensation is the occurrence of an injury (1) by accident, (2) arising out of and (3) in the course of the employment. *Conrad v. Foundry Co., supra;* 28 R. C. L., 801.

In the light of the facts, which are not in dispute, we are constrained to believe that plaintiff was not injured "by accident arising out of and in the course of the employment." Chap. 120, P. L., 1929, sec. 2(f).

Reversed.

CLARKSON, J., dissenting.