CLARENCE B. RIDOUT, DECEASED, AND MR. AND MRS. C. G. RIDOUT, FATHER AND MOTHER, AS NEXT OF KIN OF DECEASED, AND WILLIAM DEMENT, DECEASED, AND MRS. MYRTLE DEMENT, MOTHER AND NEXT OF KIN OF DECEASED, v. ROSE'S 5-10-25c STORES, EMPLOYER, AND UNITED STATES FIDELITY AND GUARANTY COMPANY, CARRIER.

(Filed 22 November, 1933.)

1. **Master and Servant F b—**

An injury compensable under the Workmen's Compensation Act is one by accident arising out of and in the course of the employment, the words "out of" referring to the origin or cause of the accident, and the words "in the course of" to the time, place and circumstances under which the accident occurred. N. C. Code, 8081(2). (f).

2. **Same—**

Whether an accident arose out of and in the course of claimant's employment is a mixed question of law and fact.

3. **Master and Servant F i—**

The findings of fact of the Industrial Commission are conclusive on appeal when supported by competent evidence.

4. **Master and Servant F b—Evidence in this case held sufficient to sustain finding that accident did not arise out of employment.**

The deceased employees were the manager and assistant manager of defendant's store. On Sunday they made a trip in a car belonging to one of them from the town in which the store was located to another town in which defendant owned a warehouse. While there one of them went to see his fiancée. Before returning they placed certain merchandise from the warehouse in the car to transport it back to the store. Neither employee was required to work on Sunday or to make the trip as a part of his employment. Upon conflicting evidence the Industrial Commission found that they were engaged in an adventure primarily for personal and social reasons and that the receipt of the goods was incidental to the trip and not in the performance of any express or implied duty connected with the employment: *Held*, the findings of fact support the award of the Industrial Commission denying compensation, there being no causal relation between the employment and the accident.

APPEAL by plaintiffs from *Moore, Special Judge,* at January Term, 1933, of WAKE. Affirmed.

These actions, consolidated by consent, are founded upon claims for death filed for the plaintiffs before the North Carolina Industrial Commission.

Clarence B. Ridout and William Dement were employees of Rose's 5-10-25c Stores—the former manager, the latter assistant manager of the store at Morehead City. On Sunday, 20 December, 1931, these young men made a trip from Morehead City to Henderson in a car owned by William Dement. Rose's Stores had a warehouse in Henderson, from which all its branch stores were supplied. After their arrival at Hen-

derson Ridout had dinner with the manager of the warehouse and Dement called to see a young lady. In the afternoon Ridout and the manager walked to the warehouse, got certain goods, put them in the car, and the young men started on their return trip. Near Raleigh the car in which they were traveling was struck by another going in the opposite direction and both young men were killed.

After taking and considering the evidence in reference to the respective claims Matt H. Allen, chairman of the Industrial Commission, made a formal award denying compensation. Among other facts he found the following: Ridout had formerly lived in Henderson and had worked with the defendant company in its warehouse. Dement was to be married to a young lady residing in Henderson, whom he had visited each week-end for several months prior to the Sunday before the accident. On Sunday, 20 December, Ridout obtained from the warehouse articles of merchandise, which were put in the car. Both young men were employed and paid by the week and neither of them was charged with any duties or responsibilities in connection with the work between the time the store was closed on Saturday night and the time it was opened on Monday morning, and neither of them was under the supervision or control of the company during this period. The employer did not require the use of an automobile by the employees in the performance of their duties and did not provide for them either a car or gasoline for this or any other trip.

The award includes the following specific findings:

"1. C. B. Ridout, deceased, manager of the defendant company's store at Morehead City, N. C., and W. D. Dement, deceased, assistant manager of the defendant company's store at Morehead City, left Morehead City on Sunday morning, 20 December, at 3:30 o'clock, for Henderson, N. C., primarily for personal social reasons and not by force of any duty of employment expressed or implied.

2. While in Henderson, N. C., on Sunday, 20 December, they procured from the warehouse of the defendant articles of merchandise valued at $65.00, which they intended to use in the store of the defendant in Morehead City, N. C.

3. The procuring of the goods was incidental to the trip.

4. The accident and injury resulting in the death of Ridout and Dement did not arise out of or in the course of their employment.

5. At the time of the accident and death the goods procured from the warehouse in Henderson, N. C., were in the automobile which belonged to Dement."

The claimants appealed from the award of the commissioner to the full Commission who affirmed the award, and from the full Commission to the Superior Court in which the award was again affirmed. The claimants excepted and appealed.

BARRIER *v.* THOMAS AND HOWARD CO.

*J. M. Broughton and W. H. Yarborough, Jr., for appellants.*
*Thomas A. Banks for appellees.*

ADAMS, J. The Workmen's Compensation Law defines "injury" and "personal injury" as injury by accident arising out of and in the course of the employment—the words "out of" referring to the origin or cause of the accident and the words "in the course of" to the time, place and circumstances under which the accident occurred. Compensation Law, sec. 2(f); *Conrad v. Foundry Co.*, 198 N. C., 723. Whether the accident complained of arose out of and in the course of the employment is a mixed question of law and fact (*Harden v. Furniture Co.*, 199 N. C., 733); but the facts as found by the Commission, when supported by competent evidence, are "conclusive and binding" on the appellate courts. Compensation Law, sec. 60; *Bryson v. Lumber Co.*, 204 N. C., 664; *Johnson v. Bagging Co.*, 203 N. C., 579; *Wimbish v. Detective Co.*, 202 N. C., 800.

The Industrial Commission found from the conflicting evidence that the death of the employees occurred while they were engaged in an adventure primarily for personal and social reasons and not in the performance of any duty expressly or impliedly connected with their employment, and that their receipt of the goods was incidental to the trip. It is obvious that from Saturday night until Monday morning the relation of employer and employee was suspended, and that there was no causal relation between the employment and the accident. *Canter v. Board of Education*, 201 N. C., 836; *Dependents of Phifer v. Dairy*, 200 N. C., 65. It follows that the death of the employees did not arise out of and in the course of their employment. Judgment

Affirmed.