JAMES THURMAN BERRY (EMPLOYEE) v. COLONIAL FURNITURE COMPANY (EMPLOYER) AND MARYLAND CASUALTY COMPANY (CARRIER).

(Filed 9 June, 1950.)

**1. Master and Servant § 55d—**

A sole assignment of error to the signing of the judgment of the Superior Court affirming the award of the Industrial Commission presents only the question whether the facts found by the Industrial Commission support the award of compensation.

**2. Master and Servant § 40a—**

In order for an injury to an employee to be compensable under the Workmen's Compensation Act it must result from an accident arising out of and in the course of employment.

**3. Master and Servant § 40d—**

The words "in the course of" the employment as used in the Workmen's Compensation Act refer to the time, place, and circumstances under which an accident occurs.

**4. Master and Servant § 40c—**

The words "arising out of the employment" as used in the Workmen's Compensation Act refer to the origin or cause of the accident, and while not capable of precise definition, imply some causal connection between the accident and the employment.

**5. Same—**

An accidental injury received by an employee while riding in a truck on a vacation pleasure trip does not arise out of the employment notwithstanding that the employer furnished the vacation trip as a matter of good will and personal relations among the employees and paid the entire expenses of the trip in accordance with its agreement entered into at the time of the employment as a part of the remuneration and inducement to its employees.

APPEAL by defendants from *Halstead, Special Judge,* at January Civil Term, 1950, of ALAMANCE.

Proceeding under North Carolina Workmen's Compensation Act to determine liability of defendants to claimant.

The Commissioner before whom the case was heard, in opinion filed, after making preliminary incidental findings, found from the evidence these facts: "That the claimant in this case, several months prior to July 25, 1948, was employed by the defendant company as a credit manager at a salary of $240.00 per month, and at the time of his employment it was understood and agreed that the company did not carry hospitalization insurance for the benefit of its employees but that as a matter of good-will and personal relations among employees, they always gave them a trip at the company's expense to the seashore each year, and this was understood and agreed to at the time of the employment as a consideration in connection with the employment and work; and based upon this understanding and agreement, the claimant in this case accepted the terms of the agreement and went to work and continued to work for the defendant in a satisfactory manner until Saturday, July 24th, 1948, when Mr. Smith, the manager of the defendant company told his employees that the time of year had come for them to take the trip to the coast, as was agreed to at the time of employment, and arrangements were made and consummated for such trip, which trip was being made in accordance with the employment agreements and personnel policies of the defendant store. So on Saturday evening, July 24th, after the store had closed for the day's work, the defendant employer took the company truck and placed therein mattresses and other equipment to make the same comfortable, both for riding and sleeping purposes, and some four or five of the employees, including the manager, boarded the truck in Burlington and drove to Morehead City, N. C., that night, where they camped and slept in and about the truck. Early Sunday morning, July 25th, it was decided that they would drive the truck from Morehead City over to Beaufort, N. C., where they proposed to take a boat and do some deep-sea fishing, all of which was being furnished and paid for by the defendant company as part of their personal relations; and while on the way to Beaufort from Morehead City, and while the truck in which they were riding was being driven by the manager of the defendant company and was being furnished to the employees with all charges for meals and transportation paid, the truck ran over a rough place in the street or highway and the claimant, Berry, toppled out over the back end gate and received serious head and bodily injuries as a result of the fall to the pavement and was knocked unconscious . . .; that the claimant was disabled from the date of the injury on July 25, 1948, until the date of the hearing, etc."

The Commissioner thereupon makes the following conclusion: "The question has been raised as to whether this injury arose out of and in

the course of the claimant's employment for the defendant. Under the facts and circumstances in this case, the Commissioner thinks it did and so holds for the reason that the trip in question was held out as a part of the remuneration and an inducement at the time of employment and that it was a custom of the company to furnish these trips with all expenses paid as a matter of good personal relations." And the Commissioner thereupon directed that an award issue, etc., and the same was issued.

Defendants, thereupon, appealed to the full Commission from the findings of fact and conclusions of law contained in the opinion filed by the hearing Commissioner, and the award entered, and applied for a review of the award so entered.

. Upon such appeal, and after hearing, and "review of all the competent evidence, findings of fact and conclusions of law, and . . . of the award of the hearing Commissioner" the full Commission approved "the findings of fact, conclusions of law and award of the hearing commissioner."

Notice of formal award followed, and defendants appealed from the award and judgment so entered to the Superior Court of Alamance County, etc.

When the matter came on for hearing in Superior Court, on appeal thereto, upon the facts found and set out in the opinion and findings filed by the North Carolina Industrial Commission, the judge presiding "being of the opinion that the plaintiff sustained an injury by accident arising out of and in the course of his employment and being thereby entitled to the full benefits of the provisions of the North Carolina Workmen's Compensation Act," adjudged "that the award of the North Carolina Industrial Commission be and the same is hereby in all respects affirmed . . ."

Defendants objected to the signing of the judgment. Objection was overruled, and defendants excepted and appealed to the Supreme Court and assign error.

*H. Clay Hemric for plaintiff, appellee.*
*R. M. Robinson for defendants, appellants.*

WINBORNE, J. Since the only assignment of error presented for decision on this appeal is based upon exception to the signing of the judgment, *Simmons v. Lee,* 230 N.C. 216, 53 S.E. 2d 79, there arises this question: Do the facts found by the North Carolina Industrial Commission support the award of compensation to the claimant, approved by the judge of Superior Court? A negative answer is in keeping with decisions of this Court, applying pertinent provisions of the North Carolina Workmen's Compensation Act, now Chapter 97 of the General Statutes.

See in particular *Ridout v. Rose's Stores, Inc.,* 205 N.C. 423, 171 S.E. 642; *Hildebrand v. Furniture Co.,* 212 N.C. 100, 193 S.E. 294; *Plemmons v. White's Service, Inc.,* 213 N.C. 148, 195 S.E. 370; *Wilson v. Mooresville,* 222 N.C. 283, 22 S.E. 2d 907; *Taylor v. Wake Forest,* 228 N.C. 346, 45 S.E. 2d 387. See also *Barber v. Minges,* 223 N.C. 213, 25 S.E. 2d 837.

In this connection, under the North Carolina Workmen's Compensation Act, Chapter 97 of the General Statutes, the condition antecedent to compensation is the occurrence of an injury (1) by accident (2) arising out of and (3) in the course of employment. See *Taylor v. Wake Forest, supra,* where pertinent decisions of this Court are cited.

The words "out of" refer to the origin or cause of the accident, and the words "in the course of" to the time, place and circumstances under which it occurred. *Conrad v. Foundry Co.,* 198 N.C. 723, 153 S.E. 266; *Harden v. Furniture Co.,* 199 N.C. 733, 155 S.E. 728; *Hunt v. State,* 201 N.C. 707, 161 S.E. 203; *Ridout v. Rose's Stores, supra; Plemmons v. White's Service, Inc., supra; Lockey v. Cohen, Goldman & Co.,* 213 N.C. 356, 196 S.E. 312; *Wilson v. Mooresville, supra; Taylor v. Wake Forest, supra; Matthews v. Carolina Standard Corp.,* decided contemporaneously herewith.

The term "arising out of employment," it has been said, is broad and comprehensive and perhaps not capable of precise definition. It must be interpreted in the light of the facts and circumstances of each case, and there must be some causal connection between the injury and the employment. *Chambers v. Oil Co.,* 199 N.C. 28, 153 S.E. 594; *Harden v. Furniture Co., supra; Canter v. Board of Education,* 201 N.C. 836, 160 S.E. 924; *Walker v. Wilkins, Inc.,* 212 N.C. 627, 194 S.E. 89; *Plemmons v. White's Service, Inc., supra; Wilson v. Mooresville, supra; Taylor v. Wake Forest, supra.*

"Arising out of" in the language of *Adams, J.,* in *Hunt v. State, supra,* "means arising out of the work the employee is to do or out of the service he is to perform. The risk must be incidental to the employment." *Harden v. Furniture Co., supra; Chambers v. Oil Co., supra; Beavers v. Power Co.,* 205 N.C. 34, 169 S.E. 825; *Bain v. Mfg. Co.,* 203 N.C. 466, 160 S.E. 301; *Plemmons v. White's Service, Inc., supra; Wilson v. Mooresville, supra; Taylor v. Wake Forest, supra; Matthews v. Carolina Standard Corp., supra.*

Applying these principles to the facts as found by the Industrial Commission, in the present case, it is obvious that the outing, or fishing trip, "after the store had closed for the day's work" on Saturday, is not incidental to claimant's employment. And there is no causal relation between an injury by accident suffered while on such outing and the employment. The factual situation here is similar to that in *Hildebrand v. Furniture*

*Co., supra.* In reversing an award of compensation there *Clarkson, J.,* writing for this Court, said: "The trip was an 'outing,' not to further directly or indirectly the employer's business. The evidence in the case indicated that Wesley Williams was a volunteer in making the trip and that the trip was for pleasure and not for business." So it was in the present case. Business hours were over. The trip was for pleasure and not for business.

Hence, we hold that the facts found by the Industrial Commission do not support an award of compensation within the meaning and intent of the North Carolina Workmen's Compensation Act.

Therefore the judgment below is hereby reversed, and the cause will be remanded for further proceeding in accordance with the decision here made.

Reversed.