H. W. HINKLE, GUARDIAN OF RUTH E. SOWERS, WIDOW OF WALTER I. SOWERS, DEC'D.; W. G. MORRIS, EXECUTOR OF ESTATE OF WALTER I. SOWERS, DEC'D., v. CITY OF LEXINGTON (EMPLOYER) AND TRAVELERS INSURANCE CO. (CARRIER.)

(Filed 16 December, 1953.)

**1. Master and Servant § 55d—**

When supported by competent evidence, the findings of fact by the Industrial Commission on a claim properly constituted under the Workmen's Compensation Act are conclusive on appeal, both in the Superior Court and in the Supreme Court.

**2. Master and Servant § 4a—**

The usual test for determining whether the relationship between the parties is that of employer and employee or independent contractor is whether the employer has the right to control the workmen with respect to the manner and method of doing the work as distinguished from the mere right to require certain results, and it is not material as determinative of the relationship whether the employer actually exercises the right of control.

**3. Master and Servant § 39b—**

The evidence disclosed that a cemetery caretaker employed by a municipality was charged with the duties, under the direction and control of the cemetery committee, of cutting grass, selling cemetery lots, digging graves, removing surplus dirt and other duties incidental to the position, and was paid a monthly salary by the city and was paid for digging graves by persons requiring his services. *Held:* The evidence supports the conclusion of the Industrial Commission to the effect that in digging graves he was an employee of the city and not an independent contractor.

**4. Master and Servant § 40d—**

The words "in the course of the employment" as used in the Workmen's Compensation Act relate to the time, place and circumstances under which an injury occurs.

**5. Master and Servant § 40c—**

The term "arising out of the employment" as used in the Workmen's Compensation Act refers to the origin or cause of the injury, and requires that there be some causal relation between the employment and the injury, but does not require that such injury could have been foreseen or expected.

**6. Same—**

Evidence tending to show that a cemetery caretaker in the discharge of his duties customarily visited the funeral homes in the city early each evening to learn if graves were to be dug, funerals to be arranged, or cemetery lots to be sold, and that during the evening in question as he crossed the street en route to a funeral home he was struck by an automobile, *is held* sufficient to support the conclusion that the injury arose out of the employment as a hazard incident to the performance of his duties.

APPEAL by defendants from *Hubbard, Special Judge,* September Term, 1953, of DAVIDSON. Affirmed.

This was a proceeding under the Workmen's Compensation Act to obtain compensation for the fatal injury by accident sustained by Walter I. Sowers arising out of and in the course of his employment by the City of Lexington as Cemetery Keeper.

The Industrial Commission after hearing the evidence made detailed findings of fact from which it concluded that the death of the decedent resulted from an injury by accident which arose out of and in the course of his employment by the City, and that his surviving widow was entitled to the benefits prescribed by the statute.

The facts found by the Commission may be summarized as follows:

The deceased was employed by the City as Cemetery Keeper in 1938, and had continuously served as such until his death in September, 1951. His death resulted from being struck by an automobile while crossing the street on his way to a funeral home in connection with his employment. He was elected to this position by the Board of Commissioners of the City and paid a salary of $200 per month. His duties were to care for the cemeteries of the City under the direction and control of the Cemetery Committee, to cut the grass, sell cemetery lots, dig graves, remove the surplus dirt and perform such other duties as were incidental to the position of Cemetery Keeper. For digging graves he was paid by those who required his services. The tools were furnished by the City.

The deceased lived on West Third Street in the second block west of Main Street in the City. He had no telephone or means of communication except by going in person. It was his custom nearly every evening, and had been for many years, to visit the funeral homes in the City in order to learn if graves were to be dug, funerals arranged, cemetery lots sold. The Davidson Funeral Home located on East Third Street was in the first block east of Main Street, and the Piedmont Funeral Home was several blocks south. On the evening of 21 September, 1951, he set out on his usual round intending to go to the Davidson Funeral Home, but in crossing Main Street along the Third Street intersection he was struck by an automobile and killed.

To the findings, conclusions and order of the Industrial Commission the defendants filed exceptions and appealed to the Superior Court. In the Superior Court the presiding judge overruled all the defendants' exceptions and affirmed the award of the Industrial Commission.

The defendants excepted and appealed.

*J. T. Jackson and Charles W. Mauze for plaintiff, appellee.*

*McNeill Smith, Bynum Hunter, and Smith, Sapp, Moore & Smith for defendants, appellants.*

DEVIN, C. J. When supported by competent evidence, the findings of fact by the Industrial Commission on a claim properly constituted under the Workmen's Compensation Act are conclusive on appeal, both in the Superior Court and in this Court. *Fox v. Mills, Inc.,* 225 N.C. 580, 35 S.E. 2d 869. The appellants in the case at bar have preserved their exceptions to the order of the Industrial Commission and the judgment of the Superior Court on the ground that the determinative findings of the Commission were not supported by the evidence; but from an examination of the record we conclude that this initial challenge to the decision below cannot be sustained. We think there was competent evidence tending to support the findings and to permit the inferences drawn by the Commission. *Rewis v. Ins. Co.,* 226 N.C. 325, 38 S.E. 2d 97.

The appellants, however, contend that as a matter of law the record is insufficient to support the conclusion that the death of Walter I. Sowers arose out of and in the course of his employment by the City. They advance the argument that if at the time he was killed decedent was on his way to a funeral home, as found by the Commission, it was in connection with his independent business of digging graves.

It is true the decedent was paid by others for digging graves, but this was undoubtedly in connection with his general duties "to care for the cemeteries" under the direction and control of the Cemetery Committee. The usual test for determining whether the relationship between the parties is that of employer and employee or independent contractor is whether the employer has the right to control the workman with respect to the manner and method of doing the work as distinguished from the mere right to require certain results, and it is not material as determinative of the relationship whether the employer actually exercises the right of control. *Scott v. Lumber Co.,* 232 N.C. 162, 59 S.E. 2d 425; *Hayes v. Elon College,* 224 N.C. 11, 29 S.E. 2d 137; *Beach v. McLean,* 219 N.C. 521, 14 S.E. 2d 515; *Hodge v. McGuire,* 235 N.C. 132, 69 S.E. 2d 227.

Did the injury and death of the decedent, which resulted from his being struck by an automobile on the street, arise out of and in the course of his employment by the City of Lexington as Cemetery Keeper?

The appellants argue that on the facts in the record as found by the Commission it was not a part of decedent's employment to visit funeral homes at night, and that the fatal accident which happened to him as he walked across the street was not one of the hazards of his employment.

But we think the facts found by the Industrial Commission bring this case within the purview of the Compensation Act. The words "in the course of employment" relate to the time, place and circumstances under which an accidental injury occurs, and "arising out of the employment" refer to the origin or cause of the injury. *Withers v. Black,* 230 N.C. 428, 53 S.E. 2d 668, and cases cited.

In order to constitute an injury as arising out of the workman's employment "there must be some causal relation between the employment and the injury; but if the injury is one which, after the event, may be seen to have had its origin in the employment, it need not be shown that it is one which ought to have been foreseen or expected." *Conrad v. Foundry Co.,* 198 N.C. 723, 153 S.E. 266; *Withers v. Black, supra; Wilson v. Mooresville,* 222 N.C. 283, 22 S.E. 2d 907. The term "arising out of the employment" must be interpreted "in the light of the facts and circumstances of each case and there must be some causal connection between the injury and the employment." *Wilson v. Mooresville, supra.*

"Arising out of" means arising out of the work the employee is to do or out of the service he is to perform. The risk must be incidental to the employment." *Hunt v. State,* 201 N.C. 707, 161 S.E. 203.

The industrial Commission expressed the view that the custom and practice of the decedent in this case to visit the funeral homes for the purposes as set out, incidental to his employment as Cemetery Keeper and known to the employer, would tend to aid in the interpretation of the contract of employment of the decedent. *Smith v. Gastonia,* 216 N.C. 517, 5 S.E. 2d 540.

When as an incident of his employment as Cemetery Keeper and in the performance of a duty connected therewith, as shown by the established custom, the decedent crossed the street en route to a funeral home, the hazard of the journey may properly be regarded as within the scope of the Compensation Act. *Massey v. Board of Education,* 204 N.C. 193, 167 S.E. 695.

We note the exceptions to the ruling of the Hearing Commissioner in the reception of testimony in several instances, which the appellants have brought forward in their appeal. These exceptions were overruled by the judge below, and we perceive no prejudicial effect therefrom material to the decision.

We have examined the appellants' brief and the cases cited in support of their well presented arguments, in connection with the evidence and the findings of fact made by the Industrial Commission, but are unable to concur in the view that an erroneous conclusion was reached by the Industrial Commission and by the Judge of the Superior Court.

We think the judgment should be, and it is,

Affirmed.