In the Matter of the Claim of BELLE V. CHARAK, Respondent, *v.* GEORGE B. LEDDY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, July 13, 1965.

*Tropp & Steinbock* (*Thomas P. Boland* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Harry Rackow* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

*Finn & Rebecchi* for claimant-respondent.

GIBSON, P. J. It could perhaps be found, although the board has not done so specifically, that when claimant, who was employed as a lawyer and office manager in a real estate management business, and who usually proceeded directly from her home to her employer's office, prepared instead to go directly to a municipal office, at her employer's specific direction, to perform some work in preparation for a pending court proceeding, she was engaged, or about to engage in a special errand; as was the lawyer who usually went directly from home to his employer's office but was injured while operating his automobile en route from his home to a Surrogate's Court to obtain information in connection with a title matter, before proceeding to the office. (*Matter of Mason* v. *New York Abstract Co.*, 11 A D 2d 569; and, see, 1 Larson, Workmen's Compensation Law, §§ 16.10, 16.11.) In cases of this nature employees enjoy portal-to-portal coverage, such as ordinarily obtains in respect of outside workers, who " are usually covered from the time they leave home until they return ". (*Matter of Blackley* v. *City of Niagara Falls*, 284 App. Div. 51, 52; 1 Larson, *op. cit.*, §§ 16.10, 16.11.)

Claimant lived in an apartment and her accident occurred when she fell on steps leading from the inner lobby of the apartment house to an outer lobby, from which the inner lobby was shut off by a door, which was kept locked, and which claimant had not reached. A fall in her apartment would not have given rise to any claim. If, however, in the performance of a special errand, she had fallen on the street, barely beyond the outer door of the building, the accident would have been compensable, even though she "had not deviated from [her] usual route to work." (*Matter of Mayer* v. *All Electronics,* 1 A D 2d 715, 716.) There was no issue of special errand in *Matter of Trent* v. *Tuttle & Co.* (20 A D 2d 948), cited by appellants, which is therefore inapposite. The simple issue thus becomes (upon the continued assumption of a special errand) whether claimant, descending the steps between the lobbies, had left her home — had passed the "portal" of her abode — before she fell.

The authorities closest in point present no clear and certain answer to the problem posed by this midway situation. In *Matter of Tafft* v. *Stafford* (266 N. Y. 555), claimant seems clearly to have been an outside employee or, alternatively, to have been embarking on a special errand when, "as she was leaving her residence, she slipped and fell on the top step of the stairs leading to the porch" (p. 556); but the Court of Appeals reversed the Appellate Division's affirmance of an award and dismissed her claim in a memorandum which stated merely "that there is no evidence that the claimant was injured while in the course of her employment" (p. 556). Upon the authority of *Tafft,* we reversed an award and dismissed the claim of a drug salesman who was injured while walking down the stairway in the apartment house in which he lived, as he "started to go out * * * to call upon a prospective customer." (*Matter of Bach* v. *Schieffelin & Co.,* 247 App. Div. 845.) A contrary result was reached, however, in the later case of *Matter of Eaton* v. *Webster Motors of Glens Falls* (291 N. Y. 699), in which was affirmed (with three Judges dissenting on the authority of *Tafft, supra*) an award in favor of the sales manager of an automobile sales company for disabling injuries sustained when he "left his home to go to a garage on his premises in which there was an automobile belonging to his employer which he was authorized to use" and "as he stepped on the driveway to the garage * * * slipped on an icy spot and fell" (p. 700). As appears from the memorandum opinion in the Appellate Division, the "car was also used as a demonstrator and was stored in claimant's garage" (265 App. Div. 1025).

The appellants argued unsuccessfully in the Court of Appeals that claimant would not have been restored to the course of his employment or exposed to its hazards " ' until he had entered upon the public highway ' " (p. 700); and hence the issue was squarely presented.

We conclude that the decision of the case before us must be controlled by *Tafft* and *Bach* (each *supra*) and that *Eaton* (*supra*) is distinguishable, because there, the storage of the company car in claimant's garage created, in effect, an additional employment situs or at least transferred to claimant's premises an instrumentality of the employment — as certainly, for example, an injury to claimant by reason of a malfunction of the automobile while still upon claimant's premises would have been compensable — and the driveway upon which claimant necessarily walked to obtain the garaged automobile and perform the employer's errand became an adjunct of the employment, and the icy condition was, in consequence, a hazard of the employment (cf. *Matter of Carrasquilla* v. *Penn Akron Co.*, 10 A D 2d 135; *Matter of Rosenwasser* v. *Lanes Lake Success*, 9 A D 2d 1001).

In the case before us, however, the locked inner lobby seems more nearly an adjunct of claimant's home and within its precincts than a public place or an adjunct of the street. True, those members of the public having legitimate reasons to call upon claimant and her fellow tenants could obtain access to the inner lobby by ringing a bell and requesting admittance; but the locked door was intended, obviously, to bar the public generally and to afford privacy and security; and claimant could have excluded, or have caused to be excluded, all persons not entitled to be admitted. Thus, and whether in greater or less degree, some of the privacy, security and other attributes of a home were preserved and the hazards of a public place or way mitigated. Consequently, in our view, the record would not support a finding that the accident occurred after claimant had left her home and commenced her employment.

The decision should be reversed and the claim dismissed.

HERLIHY, REYNOLDS, TAYLOR and AULISI, JJ., concur.

Decision reversed and claim dismissed, with costs to appellants against the Workmen's Compensation Board.