MONNIE WILLIAMS, WIDOW, AND NEXT FRIEND OF MELISSA WILLIAMS AND AMELIA LYNN WILLIAMS, MINOR DAUGHTERS OF WILLIAM NORMAN WILLIAMS, DECEASED, EMPLOYEE PLAINTIFF, v. BRUNSWICK COUNTY BOARD OF EDUCATION, SELF-INSURER, EMPLOYER DEFENDANT.

(Filed 20 March 1968.)

1. Master and Servant § 93—

When supported by competent evidence, findings of fact by the Industrial Commission on a claim properly constituted under the Workmen's Compensation Act are conclusive on appeal.

2. Master and Servant § 60—

An injury suffered by an employee while going to or from his work arises out of and in the course of employment when the employee, under the terms of the employment and as an incident to the contract of employment, is paid an allowance to cover the cost of such transportation.

3. Same—

Findings that the deceased employee, a superintendent of county schools, was paid a monthy travel allowance to cover his automobile expenses to

and from work, that his occupation required him to be on call at all times and that he frequently worked after regular school hours, and that the employee met his death in an automobile accident while returning home from late-night work on school forms that were needed the following day, *are held* sufficient to show the death arose out of and in the course of employment.

**4. Master and Servant § 54—**

　　Where any reasonable relationship to employment exists, or employment is a contributing cause, the court is justified in upholding an award under the Compensation Act arising out of the employment.

APPEAL by defendant from Industrial Commission, J. W. Beam, Chairman.

This is a proceeding under the Workmen's Compensation Act (G.S. Ch. 97, Art. I) by the widow and minor children of William Norman Williams, deceased, to recover compensation for the accidental death of the employee resulting from an automobile accident.

In addition to the jurisdictional determinations, the essential findings of fact, upon which the judgment for plaintiffs is based, are as follows:

　　"1.　The deceased employee, William Norman Williams, was a white married male, age thirty-three, and was on November 19, 1965, and prior thereto employed with the defendant employer as County Superintendent of Schools in Brunswick County, North Carolina.

　　2.　On November 18, 1965, at about five p.m., the deceased employee called from Southport, North Carolina, to Mr. Stanley, publisher of the Brunswick Beacon of Shallotte, North Carolina. The call was in reference to a certain form to record the attendance of the pupils in the Brunswick County School System. The form was to be made up and distributed to the principals of Brunswick County. The form was to be made up on instructions from the County Board of Education, and it was the duty of the deceased employee to see that the form was properly prepared. As a result of the phone call the deceased employee drove from Southport to Shallotte and met with Mr. Stanley in his office.

　　3.　Mr. Stanley and the deceased employee worked on the form from about five-thirty p.m. to seven p.m. The form was not completed at that time. The deceased employee and Mr. Stanley then left the publisher's office in Shallotte. The deceased employee drove to his home at Sunset Beach and from there drove

to Somerset Landing to attend a Lion's Club meeting and fish fry. Mr. Stanley and deceased employee did not go together, but met at the fish fry. After the Lion's Club meeting and fish fry was over, the deceased employee and Mr. Stanley drove Mr. Stanley's car to the home of the deceased at Sunset Beach. The deceased employee left his car at Somerset Landing which is about two miles from his home.

4. When reaching the deceased employee's home the subject of the forms previously mentioned was discussed and it was decided that the deceased employee and Mr. Stanley would return to Mr. Stanley's office in Shallotte and complete the work on the form. This was done and work was completed around one-thirty a.m. on November 19, 1965. Mr. Stanley then took the deceased employee in his car and drove to Somerset Landing where the deceased left his car previously. The deceased employee got into his car and proceeded from Somerset Landing towards his home at Sunset Beach. En route to his home the deceased employee was in an automobile accident and received injuries resulting in his death. The deceased employee at the time was on the most direct route from the publisher's office in Shallotte to his home when the accident occurred. The accident occurred around two o'clock a.m. on November 19, 1965. *It was not unusual for the deceased employee and other school officials to work long and hard hours after school and as a matter of fact they often worked late hours. In the instant case the form referred to had to be out the following day, and it was necessary to work at a late hour to get the form in a position to be printed. The deceased employee's duty as a County Superintendent of the Schools required him to be on duty call at all times.*

5. The deceased employee was paid a travel allowance of $75.00 per month by the Brunswick County Board of Education, and this money was used to buy oil, gas, etc., in the operation of his vehicle. *The travel allowance was used by the deceased to pay the expenses to and from his work. The allowance was made under the terms of the employment and as an incident to the contract of employment.*

6. Deceased employee sustained an injury by accident arising out of and in the course of his employment with the defendant employer on November 19, 1965, said injury resulting in his death."

The foregoing findings of fact were made by the Deputy Hearing Commissioner and adopted by the full Commission. The full Commission overruled all of defendant's exceptions to the findings of fact, conclusions of law, and award of compensation made to plaintiffs by the Deputy Hearing Commissioner.

Defendant assigns as error the italicized portions of finding of fact No. 4, the italicized portion of finding of fact No. 5, and finding of fact No. 6, for that they are not supported by competent evidence in the record. Defendant further assigns as error the conclusion that the deceased employee sustained an injury by accident arising out of and in the course of his employment.

*Frink and Gore for plaintiff appellee.*

*T. W. Bruton, Attorney General, by Mrs. Christine Y. Denson, Staff Attorney, for employer, appellant.*

MORRIS, J.   When supported by competent evidence, the findings of fact by the Industrial Commission on a claim properly constituted under the Workmen's Compensation Act are conclusive on appeal. *Hinkle v. Lexington,* 239 N.C. 105, 79 S.E. 2d 220 (1953). From an examination of the evidence presented, we conclude that the defendant's assignments of error directed to finding of fact No. 4 and No. 5 cannot be sustained. We think there was sufficient competent evidence to support the findings, and we are bound by them.

The only question remaining is the application of legal principles to those facts. If the Commission correctly applied the legal principles, the award should be affirmed. If the injury was not, under North Carolina law, one "arising out of and in the course of" employment, the award should be reversed.

Ordinarily, an injury suffered by an employee while going to or from his work is not an injury arising out of and in the course of his employment. *Humphrey v. Laundry,* 251 N.C. 47, 110 S.E. 2d 467 (1959), and cases there cited. As is the case with most all general rules, there are exceptions, and North Carolina has recognized some of the exceptions recognized by other jurisdictions.

Where an employee sustains injury going to or from his place of work on employer's premises or premises controlled by employer, the injury is compensable, provided no unreasonable delay is chargeable to employee. *Bass v. Mecklenburg County,* 258 N.C. 226, 128 S.E. 2d 570 (1962).

North Carolina has also allowed compensation where the injury occurred on the highway close to employer's premises and the employee was using the only means of ingress and egress to and from

the work he was to perform, saying that the hazards of that route become the hazards of the employment. *Hardy v. Small*, 246 N.C. 581, 99 S.E. 2d 862 (1957).

Where a cemetery caretaker employed by the city who had no telephone, regularly and daily made rounds of the funeral homes at night to determine what graves needed to be dug the next day, the Court held as compensable injury sustained by him when he was hit by an automobile while engaged in making these rounds. The employer was said to have consented to the making of the trip because of the established custom of the caretaker. *Hinkle v. Lexington, supra*.

North Carolina has long held as compensable injuries sustained by employees while on the way to or returning from work where the employer provides the means of transportation. *Dependents of Phifer v. Dairy*, 200 N.C. 65, 156 S.E. 147 (1930); *Edwards v. Loving Co.*, 203 N.C. 189, 165 S.E. 356 (1932); *Massey v. Board of Education*, 204 N.C. 193, 167 S.E. 695 (1933); *Smith v. Gastonia*, 216 N.C. 517, 5 S.E. 2d 540 (1939).

The question of whether the principle should be extended to the case where the employer, under the terms of the employment, paid the employee an allowance to cover the cost of transportation to and from work was first before the Supreme Court in *Puett v. Bahnson Co.*, 231 N.C. 711, 58 S.E. 2d 633 (1950). There the employees were working some 15 or 20 miles from their homes, it was not convenient for them to procure living quarters at the place of their work, and they commuted daily alternating in the use of their automobiles. They were involved in an automobile collision on their way to work and received injuries. Each was paid $20.80 per week, in addition to his regular salary, to cover his living expenses and expense of traveling to and from work. The Court said, in affirming the award, "The Industrial Commission has consistently followed the majority view, and we are inclined to approve, where, as here, the cost of transporting the employees to and from their work is made an incident to the contract of employment." The principle was again applied in *Kiger v. Service Co.*, 260 N.C. 760, 133 S.E. 2d 702 (1963).

In the case before us, the Commission found as a fact, and there is competent evidence to support it, that the deceased employee was paid $75.00 per month travel allowance to pay the expenses to and from his work. The Commission further found, based on competent evidence, that the deceased and other school officials frequently worked long and hard hours after the school day, often worked late hours; that the form on which the deceased had been working had

to be out the following day; that it was necessary to work at a late hour to get the form ready for the printer; and that the deceased's duties as County Superintendent of Schools required him to be on duty call at all times.

Unquestionably the fatal accident is traceable to the employment as a contributing cause. The deceased was being paid an allowance by the employer to pay his travel expenses. "Where any reasonable relationship to employment exists, or employment is a contributing cause, the court is justified in upholding the award as 'arising out of employment'." *Kiger v. Service Co., supra.*

The conclusions of the Industrial Commission and the award based thereon are

Affirmed.

CAMPBELL and PARKER, JJ., concur.