ELLEN D. FELTON, EMPLOYEE, PLAINTIFF v. HOSPITAL GUILD OF
THOMASVILLE, INC., EMPLOYER; PENNSYLVANIA NATIONAL MUTUAL
INSURANCE CO., CARRIER, DEFENDANTS

No. 8110IC757

(Filed 4 May 1982)

**Master and Servant § 55.6— workers' compensation—injury on way to work—in
the course of employment**

The Industrial Commission erred in denying plaintiff's claim for workers'
compensation for injuries she sustained when she slipped on a thin layer of ice
as she was approaching her car parked in her driveway where the evidence
tended to show that plaintiff was the manager of defendant employer's
hospitality shop; that her duties included responsibility for purchasing food
and other items sold in the shop; that on the morning of the accident she
telephoned a local bakery before leaving her house as was her customary pro-
cedure; that shortly thereafter she left her house intending to drive to the
bakery and then to the hospital; and that she fell hurting her hip when she
was approaching her car. When plaintiff was injured she had entered into a
special errand on behalf of her employer, and under the dual purpose rule,
plaintiff's injury arose out of and in the course of her employment entitling her
to compensation.

Judge WHICHARD dissenting.

APPEAL by plaintiff from the opinion and award of the North
Carolina Industrial Commission filed 22 January 1981. Heard in
the Court of Appeals 30 March 1982.

Plaintiff appeals from a decision of the Industrial Commission
denying her compensation for injuries she sustained when she
slipped on a thin layer of ice as she was approaching her car
parked in a driveway which was located adjacent to her home. At
the time of the accident, plaintiff was the manager of defendant
employer's hospitality shop. Her duties included responsibility for
purchasing food and other items sold in the shop, some of which
were delivered directly to the shop, while items such as eggs and
bakery goods were not.

On the morning of 13 February 1979, as was her customary
procedure, plaintiff telephoned a local bakery at 7:30. Shortly
thereafter, she left home, intending, as usual, to drive a less direct
route to the hospitality shop so that she might stop by the bakery
to pick up the items she had ordered. She was approximately
thirty feet from her front door and had not quite reached her car
when she fell, sustaining a transcervical fracture of the left hip.

The deputy commissioner found that:

Plaintiff sustained an injury by accident on 2-13-79, however, the same did not arise out of and in the course of her employment. Although the making of the journey to the bakery became an incident to and a part of her contract of employment, the journey occupying the status of a special mission due to its nature, the journey itself only begins from the time plaintiff physically leaves her property or premises, in this case from the time she actually enters the public street located adjacent to her residence and property.

Plaintiff appealed the denial of her claim to the full Commission, which affirmed, one commissioner dissenting.

*Boyan and Nix, by Clarence C. Boyan, and William B. Mills for plaintiff appellant.*

*Perry C. Henson and J. Victor Bowman for defendant appellees.*

MARTIN (Harry C.), Judge.

This case can be analyzed upon two theories, each supporting recovery for plaintiff.

### SPECIAL ERRAND RULE

In order for an employee to be entitled to an award under the North Carolina Workers' Compensation Act, there must be injury by accident which arose out of and in the course of the employment. *See* N.C. Gen. Stat. § 97-2(6) (1979) (and annotations thereunder). Ordinarily, an injury suffered by an employee while going to or coming from work is not an injury arising out of and in the course of employment. *Hardy v. Small,* 246 N.C. 581, 99 S.E. 2d 862 (1959); *Hunt v. State,* 201 N.C. 707, 161 S.E. 203 (1931). There are, however, exceptions to this general rule.

The Commission found plaintiff, in making the journey to the bakery, was on a special mission for her employer and thus not within the general "coming and going" rule. Nevertheless, liability was denied upon the finding by the Commission that the special mission or errand only begins "from the time plaintiff physically leaves her property or premises, in this case from the time she actually enters the public street."

We cannot agree to the "bright line" rule adopted by the Commission in determining when a special errand commences. Although such rule does have the attribute of certainty, it cannot be attained at the expense of justice. In deciding questions about when a special errand begins or ends, each case must be determined upon its particular fact situation. " 'No exact formula can be laid down which will automatically solve every case.' " *Massey v. Board of Education,* 204 N.C. 193, 197-98, 167 S.E. 695, 698 (1933). *See Berry v. Furniture Co.,* 232 N.C. 303, 60 S.E. 2d 97 (1950); *Harden v Furniture Co.,* 199 N.C. 733, 155 S.E. 728 (1930); *Gallimore v. Marilyn's Shoes,* 30 N.C. App. 628, 228 S.E. 2d 39 (1976), *rev'd on other grounds,* 292 N.C. 399, 233 S.E. 2d 529 (1977).

When it is established that an employee is on a special errand for her employer, the declared policy of the state requires a liberal construction in favor of the employee in determining whether the accident arises out of and in the course of the employment. *Stevenson v. City of Durham,* 281 N.C. 300, 188 S.E. 2d 281 (1972); *Petty v. Transport, Inc.,* 276 N.C. 417, 173 S.E. 2d 321 (1970); *Gallimore, supra.* The narrow, restrictive rule adopted by the Commission contravenes this policy.

The proper rule of law to apply to the discrete fact situations is not "did the accident occur on the employee's own premises." Rather, an accident arises out of employment when it occurs in the course of the employment and the conditions or obligations of the employment put the employee in the position or at the place where the accident occurs. 1 A. Larson, The Law of Workmen's Compensation § 6.50 (1978). Plaintiff was injured near her car because the obligations of her employment, the special errand, required her to be at that place when the accident occurred. Where the employment requires travel, the hazards of the route become the hazards of the employment. *Hinkle v. Lexington,* 239 N.C. 105, 79 S.E. 2d 220 (1953). Such is the case here.

Under the facts of this case, we hold that plaintiff had begun her special errand on behalf of her employer. She had left the safety of her house and had entered into the hazards of her journey. *Massey, supra.* Our holding is supported by *Charak v. Leddy,* 23 A.D. 2d 437, 261 N.Y.S. 2d 486 (1965). In *Charak,* claimant had not left the safety of her apartment building when she

was injured, and compensation was denied. She had not entered into the area of risk arising out of her employment, and was injured while doing what any other resident of the building might have done. Here, Mrs. Felton was in a diametrically opposing fact situation.

Jurisdictions as diverse as California and New Hampshire have allowed recovery under analogous circumstances. In *Heinz v. Concord U. Sch. Dist.*, 117 N.H. 214, 371 A.2d 1161 (1977), claimant was a teacher. On his way home to change clothes in order to return to school to chaperone an authorized school dance, he was killed in a motorcycle accident. He was not obligated to chaperone the dance, but was expected to give fully of his services and to participate to a reasonable extent in school activities. The New Hampshire court held the death arose out of and in the course of claimant's employment. The chaperoning duties were in the nature of a special duty or errand and subjected claimant to special travel risks. The cause of the death could properly be considered a hazard of the employment.

*Safeway Stores, Inc. v. Workers' Comp. A. Bd.*, 104 Cal. App. 3d 528, 163 Cal. Rptr. 750 (1980), involved a special errand or mission case with facts closely resembling those in the case sub judice. In *Safeway,* claimant was required to work well beyond his ordinary hours to aid in the preparation of an inventory. He returned to his home about 5:30 a.m. and was injured when he was attacked by an unknown assailant as he got out of his car to enter his house. The employer argued that the injury did not arise out of or in the course of the employment. The California court held that claimant was on a special errand for his employer in his return home from the extended workday. Claimant's entire duty was at the employer's request and satisfied an important and out-of-the-ordinary business need. The journey home was an essential part of the special service claimant was called upon to perform for the benefit of his employer. Safeway further contended that the return journey was completed before the assault. The court concluded that the reasoning in *Charak* supported recovery for claimant, who had not entered the safety of his house, as the claimant in *Charak* had not left the safety and security of her apartment building when she was injured.

We hold that when Mrs. Felton was injured she had entered upon a special errand on behalf of her employer.

DUAL PURPOSE RULE

The basic dual-purpose rule, accepted by the great majority of jurisdictions, may be summarized as follows: when a trip serves both business and personal purposes, it is a personal trip if the trip would have been made in spite of the failure or absence of the business purpose and would have been dropped in the event of failure of the private purpose, though the business errand remained undone; it is a business trip if a trip of this kind would have been made in spite of the failure or absence of the private purpose, because the service to be performed for the employer would have caused the journey to be made by someone even if it had not coincided with the employee's personal journey.

Larson, *supra*, § 18.12 (citing to *Ridout v. Rose's Stores*, 205 N.C. 423, 171 S.E. 642 (1933) ).

In *Humphrey v. Laundry*, 251 N.C. 47, 110 S.E. 2d 467 (1959), our Court applied the dual purpose rule. In so doing, it adopted the reasoning of Chief Justice Cardozo in *Marks v. Gray*, 251 N.Y. 90, 167 N.E. 181 (1920).

[A] plumber's helper, who was going to drive to a neighboring town to meet his wife, was asked by his employer to fix some faucets there—a trifling job which in itself would not have occasioned the trip. While on his way to this town, he was injured in a wreck and died. On the identical question now before us, Cardozo, C. J., speaking for the Court, said: "If word had come to him before starting that the defective faucets were in order, he would have made the journey just the same. If word had come, on the other hand, that his wife had already returned, he would not have made the trip at all. * * * In such circumstances we think the perils of the highway were unrelated to the service. We do not say that the service to the employer must be the sole cause of the journey, but at least it must be a concurrent cause. To establish liability, the inference must be permissible that the trip would have been made though the private errand had been canceled. * * * The test in brief is this: If the work of the employee creates the necessity for travel, such is in the course of his employment, though he is serving at the same time some purpose of his own. * * * If however, the work has

had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been canceled upon failure of the private purpose, though the business errand was undone, the travel was then personal, and personal the risk."

251 N.C. at 51, 110 S.E. 2d at 470.

The dual purpose rule applies when, concurrently with an employee's usual trip to or from work, she performs some service for her employer which would otherwise necessitate a separate trip. Larson, *supra*, § 18.21; *Marks, supra; Massey v. Board of Education*, 204 N.C. 193, 167 S.E. 695 (1933).

An accident arises out of the employment when it occurs in the course of the employment and the conditions or obligations of the employment put the claimant in the position where she was injured. Larson, *supra*, § 6.50. Where the employment necessitates travel, it has been held that the hazards of the route become the hazards of employment. *Hinkle, supra; Massey, supra; Williams v. Board of Education*, 1 N.C. App. 89, 160 S.E. 2d 102 (1968).

Applying the dual purpose rule to the record before us, we find that the facts support an award of compensation. The purpose of Mrs. Felton's journey on the morning of the accident was two-fold: she intended to proceed to work and she intended to proceed to the bakery to pick up the order for the day. Had she not stopped by the bakery on her way to work, she or another employee would have been required to leave the shop and go to the bakery for this purpose. The work of the employee created the necessity for the travel. The business purpose of the trip was calculated to further the employer's business. *Massey, supra*. At the time of the accident, Mrs. Felton had embarked on her dual purpose trip. Thus, the hazards of the trip became the hazards of the employment. *Id.*

We hold that under the facts of this case, Mrs. Felton's injury arose out of and in the course of her employment and she is therefore entitled to compensation.

Reversed and remanded to the Industrial Commission for the entry of an appropriate award.

Judge MARTIN (Robert M.) concurs.

Judge WHICHARD dissents.

Judge WHICHARD dissenting.

To permit compensation to employees injured subsequent to leaving their dwelling to go to work, and prior to returning thereto, would be a legitimate policy decision. Employees so situated can with reason be regarded as furthering the interests of the employer, in that such travel is a necessary incident to the employment itself.

As the majority opinion notes, however, it is well-established in this jurisdiction that ordinarily an injury suffered by an employee while going to and from work is not an injury arising out of and in the course of the employment. *See* the cases cited by the majority, and the following: *Humphrey v. Laundry*, 251 N.C. 47, 110 S.E. 2d 467 (1959); *Harris v. Farrell, Inc.*, 31 N.C. App. 204, 229 S.E. 2d 45 (1976); *Franklin v. Board of Education*, 29 N.C. App. 491, 224 S.E. 2d 657 (1976); *Williams v. Board of Education*, 1 N.C. App. 89, 160 S.E. 2d 102 (1968); 38 N.C.L. Rev. 508, 511 (1960). In my view that principle is dispositive here, and application of the exceptions relied on by the majority is inappropriate.

The majority opinion correctly states that "[p]laintiff was injured near her car because the obligations of her employment, the special errand, required her to be at that place when the accident occurred." That was equally the case, however, with every other employee who approached a car for the purpose of going to work that morning. Generally, to be compensable, an injury cannot arise from "a hazard common to others." *Bryan v. T. A. Loving Co.*, 222 N.C. 724, 728, 24 S.E. 2d 751, 754 (1943). "The causitive danger must be peculiar to the work and not common to the neighborhood." *Id.* Such is not the case here. Plaintiff was simply subjected to the identical hazard encountered by every other employee who went to work on the morning in question within the area affected by the same weather pattern.

Consider the following hypothetical: Plaintiff and her next door neighbor are employed as co-managers of the hospitality shop. They are thus employed in the identical capacity by the

same employer. It is plaintiff's duty to go by the bakery on the way to work one morning, and the neighbor's duty the next, on a continuously alternating basis. On the morning in question plaintiff and the neighbor, while proceeding simultaneously toward their respective cars to depart, plaintiff for the bakery, and the neighbor directly for the hospital, fall simultaneously on the ice and sustain identical injuries. Under the majority's reasoning, plaintiff recovers, and the neighbor does not. I find neither logic nor justice in such a result.

I would thus hold that until plaintiff departed from her accustomed route of travel to the place of employment, she remained in the ordinary process of going to work; and her "special errand" to the bakery had not commenced. I would also find the dual purpose doctrine inapplicable on the ground that when plaintiff was injured she had not entered the scope and course of the employment for any business purpose.

My vote is to affirm.