***********
The Full Commission reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Glenn and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Glenn.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over the parties in this claim. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between Floor Masters and plaintiff-employee at all relevant times.
3. Floor Masters was insured for Workers' Compensation purposes by Liberty Mutual Insurance Company at all relevant times.
4. Plaintiff's average weekly wage was $480.00, yielding a weekly compensation rate of $320.00 per week, subject to confirmation of a Form 22.
5. The following exhibits were stipulated into evidence at the hearing:
(a) All medical records of plaintiff
(b) Industrial Commission Forms;
 (c) Plaintiff's answers to Defendants' First Set of Interrogatories.
6. The issues to be determined by the Commission are as follows:
 Whether plaintiff sustained an injury by accident while in the course and scope of employment with Floor Masters?
 If so, what, if any, benefits is plaintiff entitled to receive under the North Carolina Workers Compensation Act?
7. The Pretrial Agreement, its attachments, and any Stipulations that have been submitted by the parties are hereby incorporated by reference as though they were fully set out herein.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACTS
1. Plaintiff was 37 years old at the time of the hearing before the Deputy Commissioner.
2. Plaintiff began working for Floor Masters in 1999 as a carpet installer.
3. On March 15, 2001, plaintiff claims that he injured his back while he assisted a work crew in carrying a roll of carpet that weighed approximately 300 to 400 pounds. Plaintiff stated that his co-worker, Tommy Hall, dropped his end of the piece of carpet as they were carrying it up some stairs. However, Mr. Hall stated that it was plaintiff who dropped the carpet. Plaintiff claims that he was unable to do his regular job the remainder of that day and merely picked up straps. Plaintiff also claims that when he returned to the office he reported the injury to Jewell Terrell, co-owner of Floor Masters. Mr. Hall does not recall plaintiff ever saying that his back was hurt as a result of the carpet falling off his shoulder.
4. Reid Allen, co-owner of Floor Masters, testified that plaintiff did not report a work related injury. Mr. Allen stated that he processes workers' compensation claims for the company. He testified further that the alleged incident was never reported to his partner, Jewell Terrell, and that had it been reported, Mr. Terrell would have directed plaintiff to Mr. Allen for an accident report.
5. Mr. Allen testified that the first time he had knowledge of the alleged incident was when he was contacted by Liberty Mutual. He stated that prior to being contacted by Liberty Mutual, he and plaintiff had an argument at which time plaintiff stated that he was going to file for unemployment or workers' compensation benefits. Mr. Allen testified that he told plaintiff that he was not entitled to either because plaintiff had not been fired or injured at work.
6. Mr. Allen testified that plaintiff did not return to work after the argument that occurred on April 30, 2001, and was assumed to have quit his employment with Floor Masters. Mr. Allen testified that plaintiff was not terminated from the company.
7. Tommy Hall, a supervisor for Floor Masters, testified that he was present on the day of the alleged incident. Mr. Hall stated that plaintiff assisted other crew members in carrying a roll of carpet and that plaintiff was not injured during this activity. Mr. Hall testified that plaintiff did not tell him that he was hurt on the day of the alleged incident, and that all of his workers knew that any work related injuries were to be reported to him. Mr. Hall stated that plaintiff worked in his normal capacity the remainder of the day of the alleged incident as well as the following day. He also stated that everyone on the job site picked up scraps and did patch work as part of their normal job duties. Further, Mr. Hall stated that had plaintiff reported the incident to Jewell Terrell, Mr. Terrell would have followed up with him to discuss the incident.
8. Mr. Hall testified that plaintiff was not terminated. Mr. Hall stated that if a crew member is fired, he is informed of the termination by Mr. Terrell or Mr. Allen as he has to make accommodations to make sure that each job project has enough workers.
9. Plaintiff testified that he did not recall being fired.
10. Plaintiff sought treatment with his chiropractor, Steven Cecil, on March 23, 2001. Plaintiff did not report to Dr. Cecil that he had been injured at work on March 15, 2001. Dr. Cecil testified that had a work related incident been reported, it would have been referenced in his notes, as a great percentage of his practice is dedicated to work related injuries. Dr. Cecil testified that the only history provided to him by plaintiff concerning a work related injury was occurred on July 17, 2001, when plaintiff completed an "Ouch" form. Dr. Cecil testified that an Ouch form is an updating or upgrading of a patient's new condition.
11. Dr. Cecil testified that plaintiff suffered from degenerative disc disease, which he defined as a slowly progressive degenerative problem that is also called osteoarthritis of the spine and is commonly seen in people who perform heavy work activities.
12. Plaintiff also sought treatment with Dr. T. Craig Derian, an orthopedic surgeon. Dr. Derian testified that he relied upon plaintiff's history as to how he was injured when he opined that plaintiff suffered from an aggravation/activation of the underlying congenital spinal stenosis, and disc degeneration at L3 to the sacrum, which were each causally related to the alleged incident at work.
13. Plaintiff did not immediately seek medical treatment after the alleged incident. When he did seek treatment, he did not report a work related injury. Plaintiff did not claim he was injured at work until after a confrontation with the his employer. Subsequently, plaintiff voluntarily terminated his employment with Floor Masters.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident while in the course and scope of his employment with Floor Masters. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff has failed to prove by the greater weight of the evidence that plaintiff is entitled to recover any workers' compensation benefits in this matter. See Harden v. Thomasville Furn. Co., 199 N.C. 733,155 S.E. 728 (1930) (determination of whether alleged accident arises out of the course and scope of employment depends upon the facts of each particular case).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for workers' compensation benefits must under the law be and is hereby denied.
 2. Each side shall pay its respective costs.
This the 10th day of June 2003.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER