Franklin v. Board of Education

JAMES PRENTICE FRANKLIN, JR., WIDOWER, AND JAMES PRENT-
ICE FRANKLIN, JR., GUARDIAN AD LITEM OF JAMES PRENTICE
FRANKLIN III, MINOR CHILD OF SHELLEY HARRIS FRANKLIN,
DECEASED, EMPLOYEE, PLAINTIFFS v. WILSON COUNTY BOARD OF
EDUCATION, EMPLOYER SELF-INSURER, DEFENDANT

No. 7571C910

(Filed 19 May 1976)

Master and Servant § 62— death of school teacher at end of school day —
no accident arising out of and in course of employment

In an action to recover death benefits under the Workmen's
Compensation Act for the death of a school teacher which occurred
when she backed her car, at the end of the school day, into the path
of a tractor trailer truck, there was no evidence which would support
a finding that the deceased was performing one of the duties of her
employment at the time of the accident.

APPEAL by plaintiff from an opinion and award of the
North Carolina Industrial Commission entered 28 July 1975.
Heard in the Court of Appeals 8 March 1976.

This is a proceeding wherein the plaintiff, James Prentice
Franklin, Jr., individually and as guardian ad litem of James
Prentice Franklin III, a minor, seeks to recover death benefits
pursuant to the North Carolina Workmen's Compensation Act
for the death of Shelley Harris Franklin, his wife and mother of
the child, allegedly arising out of and in the course of her em-
ployment with the Wilson County Board of Education.

The Industrial Commission made findings of fact in perti-
nent part as follows:

"1. The deceased, Shelley Harris Franklin, was a
twenty-seven-year-old married female. She died on Novem-
ber 22, 1972, as a result of a head injury, skill fracture and
brain damage. On and prior to November 22, 1972, the
deceased was an employee of the defendant employer. She
was a teacher of Home Economics and a teacher in the
occupational exploratory program with the defendant em-
ployer. The deceased taught two classes in Home Economics
at the Saratoga Central High School. She also had a home-
room at the high school. The deceased taught in the occupa-
tional exploratory program at the Speight Middle School.
She was assigned to the Saratoga Central High School and
was under the supervision of Tom I. Davis, the principal of
the high school.

2. Saratoga Central High School and Speight Middle School are located two miles apart. The deceased's normal work hours were from 8:00 a.m. to 3:30 p.m. At 8:00 a.m. the plaintiff reported to Saratoga Central High School where she prepared for her classes, conducted a homeroom and taught two classes in Home Economics. Her classes in Home Economics ended at 10:30 a.m. and she then traveled to the Speight Middle School in her automobile. She spent the rest of the day at the Speight Middle School. On pay day the deceased customarily returned to the high school to pick up her pay check which was placed in her mail box by the principal at about 1:00 p.m.

3. In addition to traveling between Saratoga Central High School and Speight Middle School, the plaintiff was required to travel to the homes of her pupils to supervise them in their home economics projects and to travel to retail stores to purchase incidental supplies for use in her classes at the two schools. She received a monthly travel allowance in the amount of $37.00 from the defendant employer . . . for the use of her automobile in the performance of these duties. When the plaintiff purchased supplies she obtained receipts which she submitted to the defendant employer for reimbursement. It was customary for the deceased to transport school equipment, which was used in the Home Economics classes and projects, in her automobile. The deceased visited the homes of her pupils, purchased supplies and transported home economics equipment, at her discretion after school hours. There were no limitations placed on the plaintiff as to when she was to perform these duties.

4. It was stipulated that Saratoga Central High School is located on the southwest side of U. S. 264 and thirty feet from U. S. 264. The high school is in the town of Saratoga, North Carolina, and the front of the high school faces U. S. 264. U. S. 264 is a paved two-lane road running generally in an easterly and westerly direction. It is a very heavily traveled highway at and near the high school. Employees of the defendant employer and visitors to the high school were permitted to park their automobiles in the thirty-foot area between the high school and U. S. 264. It was the practice of Tom I. Davis, Jr., to let his high school pupils out early on the day before a school holiday.

On these occasions he also permitted the teachers to leave the school when the pupils were released.

5. On Wednesday, November 22, 1972, Tom I. Davis, Jr., released the pupils and teachers at the Saratoga Central High School at 3:00 p.m. since this was the day before a school holiday, Thanksgiving. November 22, 1972, was also pay day for the defendant employer's teachers. The deceased drove her Volkswagen from the Speight Middle School to the high school and parked it in the thirty-foot area between the high school and U. S. 264 at about 3:05 p.m. A bookmobile was parked facing an easterly direction in this thirty-foot area. The deceased parked her Volkswagen facing a southerly direction in front of the bookmobile. She then went into the high school office and picked up her pay check in the mail box. The deceased remained in the office about one minute and then left the school building by the front exit. She returned to her Volkswagen and drove it in a backward direction from the parking area into the eastbound lane on U. S. 264. Just after the deceased entered the eastbound lane a tractor-trailer vehicle which was traveling east on U.S. 264, collided with the Volkswagen. The front of the tractor-trailer vehicle collided with the right side of the Volkswagen. The point of impact was in the eastbound lane on U. S. 264. The Volkswagen made about eight feet of tire marks in the dirt parking area. These marks were perpendicular to and ran straight to U. S. 264. The deceased died about fifteen minutes after the collision.

6. After the collision a cake pan, which was owned by the defendant employer was found in the back seat of the Volkswagen. A list of items which the deceased purchased . . . and three invoices from retail stores showing items the deceased purchased . . . were found in her handbag in the Volkswagen after the accident. Only one of these items revealed a date and it was dated September 13, 1972. Tom I. Davis, Jr., did not know where the deceased was going when she left the office on the afternoon of November 22, 1972.

7. The deceased sustained an injury by accident on November 22, 1972, and said injury by accident resulted in her death on the same day. This injury by accident which

resulted in the death of the deceased did not arise out of and in the course of her employment with the defendant employer."

From an order denying compensation, plaintiff appealed.

*White, Allen, Hooten and Hines by John R. Hooten for plaintiff appellant.*

*Attorney General Edmisten by Assistant Attorney General Ralf F. Haskell for the defendant appellee.*

HEDRICK, Judge.

The one question presented on this appeal is whether the Industrial Commission erred in finding and concluding that Shelley Harris Franklin's injuries and death did not arise out of and in the course of her employment as a home economics teacher for the defendant.

To be awarded compensation under the Workman's Compensation Act, the plaintiff has the burden of showing that deceased's injury and resulting death were the result of an accident which arose out of and in the course of deceased's employment. G.S. 97-2; *Robbins v. Nicholson,* 281 N.C. 234, 188 S.E. 2d 350 (1972).

Recognizing that ordinarily an employee's injuries or death resulting by accident going to or returning from work do not arise out of and in the course of one's employment and are not compensable, *Humphrey v. Laundry,* 251 N.C. 47, 110 S.E. 2d 467 (1959), plaintiff, citing numerous cases, contends that his case falls within one of the recognized "exceptions" to the general rule. Neither the "coming or going rule" nor any of the "exceptions" to the rule has any application in this case simply because there is no evidence in this record as to where the deceased was going when she backed her Volkswagen onto the highway from the parking area at Saratoga Central High School. When we say that there is no evidence as to where the deceased was going, we are also saying that there is no evidence in this record that the deceased was performing one of the duties of her employment at the time of the accident. Evidence and findings that deceased was required as part of her duties to visit her students in their homes after school hours to check on their projects and observe their home backgrounds, and that she was also required from time to time to purchase incidental

Raftery v. Construction Co.

supplies at retail stores for use in her class, and that she was reimbursed for her expenditures and received a travel allowance to cover, in part, the visits to the homes and to stores to buy supplies, and that there was no set schedule for deceased to perform these duties, presents nothing more than a scenario of what deceased might do on any given day. Such evidence, under the circumstances of this case, is not sufficient to support a finding by the Commission that the deceased was performing one of the duties of her employment at the time of the accident. The material findings of fact made by the commission support the conclusion that Mrs. Franklin's death by accident did not arise out of and in the course of her employment. The order appealed from is affirmed.

Affirmed.

Judges MORRIS and ARNOLD concur.