This matter was reviewed by the Full Commission based upon the record of the proceedings before Deputy Commissioner Kim L. Cramer, along with the briefs and arguments on appeal. The appealing party has not shown good ground to receive further evidence or to amend the prior Opinion and Award. Accordingly, the Full Commission adopts and affirms the Deputy Commissioner's holding and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing on 30 August 2000 as:
 STIPULATIONS
1. The parties are subject to and bound by the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff and defendant American Threshold at all relevant times.
3. American Threshold is insured by Kemper/The Travelers Insurance Company.
4. Plaintiff's average weekly wage was approximately $366.66 at the time of the accident that is the subject of this claim.
5. Plaintiff claims that she sustained a compensable injury by accident on November 17, 1998. Defendants deny that the accident that occurred on that date arose out of and in the course of plaintiff's employment.
 ***********
Based upon the evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. On the date of the hearing, plaintiff was a thirty-six year old female (date of birth April 5, 1963). She completed the seventh grade, and has no other formal education.
2. Plaintiff began working for defendant-employer in March 1987. In 1998, she was operating the sheet machine, which processed disposable linens used in hospitals. The machine pre-folded and perforated the sheets. When the sheets came out of the machine, plaintiff would separate the sheets at the perforation, flip or fold the sheets, stack them and place them in boxes on a pallet. This was a production job.
3. In late July 1998, plaintiff made complaints about her hands and sought medical treatment for various complaints of hand pain. She received medical treatment from late July through August 20, 1998, when she was released to return to work without restriction. During that time period, she missed only one day of work. Plaintiff's claim for bilateral hand injury related to her job as a sheet machine operator is the subject of I.C. claim 915255.
4. On November 17, 1998, while driving to her place of employment, plaintiff was involved in a motor vehicle accident. At about 6:30 a.m., plaintiff had stopped her vehicle on a public highway, N.C. Highway 112, also known as Sardis Road. As she was stopped to make a left turn into the plant parking lot, her vehicle was struck in the rear by a delivery vehicle.
5. Following the motor vehicle accident, plaintiff came under the care of Dr. Sean Maloney, who first saw her on December 3, 1998. Dr. Maloney has assessed plaintiff with acute cervical and lumbar strain related to the motor vehicle accident of November 17, 1998.
6. Plaintiff was also evaluated once on March 25, 1999, by Dr. Stephen Westly. Her primary complaints at that time were in the left upper extremity. Dr. Westly found plaintiff had a normal range of motion in her upper extremities, with no evidence of compression of either the peripheral nerves or the median nerves. He assessed her with diffuse myofascial pain of the left upper extremity likely related to cervical sprain and strain from the motor vehicle accident.
7. At the time that plaintiff's accident occurred, she was on a public highway and was not on the employer's premises. The evidence does not show that the plant parking lot entrance located just off this particular highway was particularly dangerous. Plaintiff had been using this route to go to work for about two years and there was nothing unusual about this particular day.
 ***********
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSION OF LAW
An injury sustained by an employee while going to or from work generally does not arise out of and in the course of employment. Plaintiff's motor vehicle accident of November 17, 1998 is not compensable as it does not fall within any of the exceptions to this principle. N.C. Gen. Stat. § 97-2(6); Franklin v. Wilson Co. Bd. ofEducation, 29 N.C. App. 491 (1976).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law, Plaintiff's claim must be and is hereby Denied.
2. Each side shall pay their own costs, except that Defendants shall pay an expert witness fee of $600 to Dr. Sean Maloney.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/____________ DIANNE SELLERS COMMISSIONER