NORMA G. HOLLIN, Employee, Plaintiff v. JOHNSTON COUNTY COUNCIL ON AGING, Employer LIBERTY MUTUAL INSURANCE COMPANY, Carrier, Defendants

No. COA06-310

(Filed 2 January 2007)

1. **Workers' Compensation— going and coming rule—traveling salesman exception—not applicable to home health aid with fixed hours and patients**

   The workers' compensation traveling salesman exception to the going and coming rule did not apply to a home health aid who was injured as she traveled from her home to the home of the first patient of the day. Plaintiff had fixed hours and the same patients every week.

2. **Workers' Compensation— going and coming rule—contractual duty exception—home health aid not reimbursed for first visit of the day—agreed policy at hiring**

   The workers' compensation contractual duty exception to the going and coming rule did not apply to a home health aid as she traveled from her home to the home of the first patient of the day. Plaintiff was not reimbursed for expenses in traveling to the first patient's home in the morning, and she understood and agreed to this policy when she was hired.

3. **Workers' Compensation— use of personal vehicle required—covered by Act**

The Workers' Compensation Act covers injuries to employees who are required to furnish a personal vehicle as part of their employment and who are injured going to or coming from work. The public at large can choose its mode of transportation, but the home health aid in this case was required to use her vehicle as part of her employment.

Appeal by plaintiff from an opinion and award entered 14 November 2005 by the North Carolina Industrial Commission. Heard in the Court of Appeals 18 October 2006.

*Brent Adams & Associates, by Brenton D. Adams and Sheila W. Chavis, for plaintiff-appellant.*

*Hedrick Eatman Gardner & Kincheloe, L.L.P., by Tonya D. Davis and Bettina Mumme, for defendant-appellees.*

HUNTER, Judge.

Norma G. Hollin ("plaintiff") appeals from an opinion and award of the North Carolina Industrial Commission ("the Commission") denying her claim for benefits pursuant to the Workers' Compensation Act. Plaintiff argues that, as she was required to provide her own vehicle for transportation as part of her employment as a health care aide with the Johnston County Council on Aging ("defendant"), the injuries she sustained while traveling to her worksite arose out of and in the course of employment. We agree and therefore reverse the opinion and award of the Commission.

Plaintiff's case came before the Commission on 27 June 2005. The evidence tended to show that plaintiff was employed by defendant as a health care aide providing assistance to patients in their homes. Plaintiff saw the same patients each week and worked regular hours from 8:00 a.m. in the morning until 4:00 p.m. in the afternoon, Monday through Friday. Plaintiff was required to use her own personal vehicle for transportation to her patients' homes, and received reimbursement for travel between patients' homes. However, as part of defendant's company policy, plaintiff was not considered to be working or "on the clock" while traveling from her residence to her first patient's home in the morning and from her last patient's home in the afternoon back to her residence,

and she did not receive reimbursement for such travel. Plaintiff earned $6.72 per hour in addition to 31¢ for each mile she traveled between job sites.

On 20 May 2003, plaintiff was traveling to the home of her first patient for the day when she was involved in a head-on collision with another vehicle. As a result of the accident, plaintiff sustained severe injuries to both legs and underwent several surgeries. Plaintiff resigned from her employment with defendant on 16 June 2003 due to the severity of her injuries and the extended period of time she would require to recover.

After considering the evidence, the Commission concluded that plaintiff's injury did not arise "in the course of" her employment and entered an opinion and award denying her claim to benefits. Plaintiff appeals.

"This Court's review of a decision of the Full Commission is limited to determining whether competent evidence supports the Full Commission's findings of fact, and whether the Full Commission's findings of fact support its conclusions of law." *Munoz v. Caldwell Mem'l Hosp.*, 171 N.C. App. 386, 389, 614 S.E.2d 448, 451 (2005). "However, questions of law are reviewed *de novo*." *Nicholson v. Edwards Wood Prods.*, 175 N.C. App. 773, 776, 625 S.E.2d 562, 564 (2006). The question of whether a claimant's injury arises in the course of employment is a mixed question of law and fact. *Munoz*, 171 N.C. App. at 389, 614 S.E.2d at 451. Here, plaintiff does not challenge the Commission's findings, but rather its conclusions of law. We must therefore determine whether the Commission's findings support its conclusion of law that plaintiff's injury did not arise out of and in the course of her employment.

"An employee is entitled to workers' compensation benefits for injuries sustained in an accident arising out of and in the course of employment." *Hunt v. Tender Loving Care Home Care Agency, Inc.*, 153 N.C. App. 266, 269, 569 S.E.2d 675, 678 (2002). The term "arising out of" refers to the cause of the accident, while the term "in the course of" refers to the time, place, and circumstances in which an accident occurred. *Id.* "The accident must happen during the time and at the place of employment." *Id.*

The "going and coming rule" provides that " 'injuries sustained by an employee while going to or from work are not ordinarily

compensable' because the injuries do not arise out of or in the course of employment." *Munoz*, 171 N.C. App. at 389, 614 S.E.2d at 451 (quoting *Bass v. Mecklenburg County*, 258 N.C. 226, 231-32, 128 S.E.2d 570, 574 (1962)). This is because " 'the risk of injury while traveling to and from work is one common to the public at large,' " *Munoz*, 171 N.C. App. at 389, 614 S.E.2d at 451 (quoting *Creel v. Town of Dover*, 126 N.C. App. 547, 555, 486 S.E.2d 478, 482 (1997)), and "[a]n employee is not engaged in the business of the employer while driving his or her personal vehicle to the place of work or while leaving the place of employment to go home." *Hunt*, 153 N.C. App. at 269, 569 S.E.2d at 678. However, the going and coming rule is subject to the following exceptions:

> "(1) an employee is going to or coming from work but is on the employer's premises when the accident occurs (premises exception); (2) the employee is acting in the course of his employment and in the performance of some duty, errand, or mission thereto (special errands exception); (3) an employee has no definite time and place of employment, requiring her to make a journey to perform a service on behalf of the employer (traveling salesman exception); or (4) an employer contractually provides transportation or allowances to cover the cost of transportation (contractual duty exception)."

*Munoz*, 171 N.C. App. at 390, 614 S.E.2d at 451 (quoting *Stanley v. Burns Int'l Sec. Servs.*, 161 N.C. App. 722, 725, 589 S.E.2d 176, 178 (2003) (citations omitted)).

In the instant case, the Commission rejected plaintiff's arguments that two exceptions to the going and coming rule apply to her case: the "traveling salesman" exception and the "contractual duty" exception. The "traveling salesman" exception states that "[i]f travel is contemplated as part of the employment, an injury from an accident during travel is compensable." *Hunt*, 153 N.C. App. at 269, 569 S.E.2d at 678. Such claims are compensable because "employees with no definite time and place of employment . . . are within the course of their employment when making a journey to perform a service on behalf of their employer." *Creel*, 126 N.C. App. at 556-57, 486 S.E.2d at 483. The applicability of the "traveling salesman" exception to a particular case " 'depends upon the determination of whether [the] plaintiff had fixed job hours and a fixed job location.' " *Munoz*, 171 N.C. App. at 390, 614 S.E.2d at 451 (quoting *Hunt*, 153 N.C. App. at 270, 569 S.E.2d at 678).

[1] Applying the traveling salesman exception to the instant case, the Commission found that plaintiff "worked from 8:00 a.m. in the morning until 4:00 p.m. in the afternoon, Monday through Friday." Although plaintiff worked with patients in their individual homes, plaintiff worked with the same patients each week. The Commission also found that "[p]laintiff would see these same patients until the patient died, got sick, or no longer needed her services." Based on these findings, the Commission concluded that:

> Because plaintiff had fixed work hours and saw the same patients each week, her situation is different from a true traveling salesman who might visit a different customer each day. Plaintiff saw the same patients week after week, traveled to the same homes week after week, and therefore she had fixed work locations. Therefore, the traveling salesman exception does not apply to this case.

The findings of fact support the Commission's determination that the traveling salesman exception does not apply to the instant case. *See Hunt*, 153 N.C. App. at 269-70, 569 S.E.2d at 678-79.

[2] We also agree with the Commission that the "contractual duty" exception does not apply to plaintiff's claim. "The 'contractual duty' exception provides that where an employer provides transportation or allowances to cover the cost of transportation, injuries occurring while going to or returning from work are compensable." *Id.* at 270, 569 S.E.2d at 679. "Where the cost of transporting employees to and from work is made an incident to the contract of employment, compensation benefits have been allowed." *Id.* Although plaintiff was reimbursed for travel as part of her job, plaintiff admitted that she was not reimbursed for travel to the first patient's home in the morning and from the last patient's home to her home in the afternoon. Plaintiff understood and agreed to this policy at the time she was hired by defendant. Plaintiff was injured as she was traveling to her first patient's home. The Commission concluded that "[p]laintiff was only paid travel reimbursement for travel between patients' homes and defendant-employer did not transport any employees to and from work. Therefore, the contractual duty exception does not apply in this case." The Commission's conclusions are supported by its findings.

[3] We nevertheless agree with plaintiff that her claim was compensable. Plaintiff was required as a condition of employment to use her

personal vehicle while at work. "If the employee as part of his or her job is required to bring along his or her own car, truck or motorcycle for use during the working day, the trip to and from work is by that fact alone embraced within the course of employment." 1 Arthur Larson, *Larson's Workers' Compensation Law* § 15.05(1) (2006). Professor Larson notes that the reasoning behind the rule

> is in part related to that of the employer-conveyance cases: the obligations of the job reach out beyond the premises, make the vehicle a mandatory part of the employment environment, and compel the employee to submit to the hazards associated with private motor travel, which otherwise he or she would have the option of avoiding. But in addition there is at work the factor of making the journey part of the job, since it is a service to the employer to convey to the premises a major piece of equipment devoted to the employer's purposes. . . .

*Id.* at § 15.05(2).

This rule is followed in a great number of jurisdictions. *See, e.g., Olsten Kimberly Quality Care v. Pettey,* 944 S.W.2d 524, 527 (Ark. 1997); *Smith v. Workmen's Compensation Appeals Board,* 447 P.2d 365, 373 (Cal. 1968); *Whale Communications v. Osborn,* 759 P.2d 848, 848 (Colo. Ct. App. 1988); *Poinciana Village Const. Corp. v. Gallarano,* 424 So. 2d 822, 823 (Fla. Dist. Ct. App. 1982); *Pittsburgh Testing Laboratories v. Kiel,* 167 N.E.2d 604, 606-07 (Ind. App. 1960); *Medical Assoc. Clinic v. First Nat. Bank,* 440 N.W.2d 374, 375-76 (Iowa 1989); *Prothro v. Louisiana Paving Co., Inc.,* 399 So. 2d 1229, 1230 (La. App. 1981); *Alitalia v. Tornillo,* 603 A.2d 1335, 1343 (Md. 1992); *Gilbert v. Star Tribune/Cowles Media,* 480 N.W.2d 114, 115 (Minn. 1992); *White v. Atlantic City Press,* 313 A.2d 197, 200 (N.J. 1973); *Weatherbee Electric Company v. Duke,* 294 P.2d 298, 301 (Okla. 1955); *Liberty Northwest Ins. Corp. v. Over,* 810 P.2d 876, 877-78 (Or. App. 1991); *Toolin v. Aquidneck Island Med. Resource,* 668 A.2d 639, 641 (R.I. 1995); *Bailey v. Utah State Industrial Commission,* 398 P.2d 545, 547 (Utah 1965).

For example, in a case strikingly similar to the present one, the Supreme Court of Arkansas held that an in-home nurse's assistant who was injured on her way to the home of her first patient of the day was entitled to workers' compensation benefits. *Olsten Kimberly Quality Care,* 944 S.W.2d at 527. The claimant used her own vehicle for travel to and from her patients' homes, but received

no wages for travel time, and was not reimbursed for travel expenses. *Id.* at 525. The *Olsten* Court noted that the " 'going and coming' rule ordinarily precludes recovery for an injury sustained while the employee is going to or returning from his place of employment." *Id.* at 527. It was nevertheless

> evident that [the claimant] was required by the very nature of her job description to submit herself to the hazards of day-to-day travel in her own vehicle, back and forth to the homes of her patients. As such, [the claimant] was acting within the course of her employment with [defendant-employer] at the time her injuries were sustained.

*Id.* The Court reasoned: " 'It is . . . clear that delivering nursing services to patients at their homes is the *raison d'etre* of the [employer's] business, and that traveling to patients' homes is an essential component of that service.' " *Id.* (citation omitted).

Defendant argues that this Court's decision in *Franklin v. Board of Education*, 29 N.C. App. 491, 224 S.E.2d 657 (1976), prevents adoption of a rule providing compensation benefits where an employee is required to furnish their own conveyance and is injured on the way to the worksite. In *Franklin*, the claimant's decedent was a teacher employed at two schools located several miles apart. *Id.* at 492, 224 S.E.2d at 658. She received traveling expenses to drive her personal vehicle between the two. *Id.* She was killed in an automobile accident when she backed her car out of the school parking lot and onto the highway. The point of impact was on the highway. *Id.* at 493, 224 S.E.2d at 659. The day she was killed, she had finished teaching at one school, and had driven to the other school to pick up her paycheck. She was killed after picking up her paycheck. *Id.* The Commission concluded that the decedent's death did not arise out of and in the course of her employment and denied benefits. *Id.* at 494, 224 S.E.2d at 660. Upon appeal, this Court agreed with the Commission, as there was no evidence to show that the decedent was on employer-related business when she was killed. *Id.* at 495, 224 S.E.2d at 660. The Court never addressed the issue, however, of whether the claimant should be entitled to compensation because she was required to furnish her own vehicle, and it is unclear whether such a claim was ever raised before the Court. As such, we do not agree that *Franklin* operates to bar plaintiff's claim.

Defendant further argues that adoption of the rule would eliminate the contractual duty exception. We do not agree. This rule will

expand, not eliminate the contractual duty exception. As Professor Larson cautions,

> care must be exercised not to confuse these cases with the more common cases [involving contractual duty exceptions] in which attention is focused exclusively on the journey itself—in particular, on the question: was the employee paid for the time or expenses of the journey itself? In the present category, it is immaterial whether the employee is compensated for the time or expenses of the journey, since work-connection is independently established by the fact of conveying the vehicle to the operating premises. Indeed, it is quite common in these cases to find that the employee is reimbursed for his or her mileage after he or she reaches the premises and until he or she leaves for home, but specifically not for the going and coming trip. Yet the going and coming trip has repeatedly been held covered in these circumstances.

Larson at § 15.05(2) (footnote omitted).

It is well established in North Carolina that the Workers' Compensation Act should be liberally construed and that " '[w]here any reasonable relationship to employment exists, or employment is a contributory cause, the court is justified in upholding the award as "arising out of employment." ' " *Kiger v. Service Co.*, 260 N.C. 760, 762, 133 S.E.2d 702, 704 (1963) (quoting *Allred v. Allred-Gardner, Inc.*, 253 N.C. 554, 557, 117 S.E.2d 476, 479 (1960)). We find the reasoning of *Olsten Kimberly Quality Care* and the many jurisdictions that follow the rule expressed in *Larson's* highly persuasive, and we hold that where an employee who is required to furnish their own vehicle as part of their employment is injured going to or coming from work, such injuries are covered by the Workers' Compensation Act. *See Kiger*, 260 N.C. at 762, 133 S.E.2d at 704. Plaintiff here was required to furnish her own vehicle for her employer's use in providing in-home care to patients. " '[D]elivering nursing services to patients at their homes is the *raison d'etre* of [defendant's] business, and . . . traveling to patients' homes is an essential component of that service.' " *Olsten Kimberly Quality Care*, 944 S.W.2d at 527 (citation omitted). Plaintiff was traveling to her first patient's home at the time she sustained her injuries. She was required to travel there in her own vehicle, and so was "required by the very nature of her job description to submit herself to the hazards of day-to-day travel . . . back and forth to the homes of her patients." *Id.* Unlike the public at large, who may choose their mode of transportation, plaintiff was required to

use her private vehicle as part of her employment. "As such, [plaintiff] was acting within the course of her employment with [defendant] at the time her injuries were sustained." *Id.*

In conclusion, we hold plaintiff is entitled to benefits under the Workers' Compensation Act. We therefore reverse the opinion and award denying plaintiff benefits and remand this case to the Commission for entry of an opinion and award consistent with this opinion.

Reversed and remanded.

Judges HUDSON and CALABRIA concur.

Judge HUDSON concurred in this opinion prior to 31 December 2006.