***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Houser, and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Houser, with minor modifications.
 *********** ISSUE FOR DETERMINATION
Whether on February 7, 2010 Plaintiff's injury by accident arose out of and in the course of her employment with Defendant-Employer?
 *********** *Page 2 
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties as:
 STIPULATIONS
1. All parties are properly before the Full Commission, and the Industrial Commission has jurisdiction of the parties and the subject matter of this action.
2. All parties have been correctly designated, and there is no question as to mis-joinder or non-joinder of parties.
3. On February 7, 2010, Plaintiff sustained an injury by accident, as defined by the North Carolina Workers' Compensation Act.
4. The parties were subject to the North Carolina Workers' Compensation Act at the time of Plaintiff's injury.
5. An employer-employee relationship existed between the parties at the time of Plaintiff's injury.
6. Defendant-Employer in this case is Gentiva Health Services, and the carrier or claims administrator liable on the risk is Gallagher Bassett Services, Inc.
7. On October 7, 2009, Plaintiff entered into a written contract of employment with Tar Heel Home Health, now Gentiva Health Services.
8. Pursuant to this contract, Plaintiff began work on October 12, 2009, as a full-time associate, working forty (40) hours per week as a Registered Nurse-Weekend Baylor Position, at a weekly salary of $1,057.69 or an annual salary of $55,000.00.
9. On Sunday, February 7, 2010, Plaintiff had a scheduled patient visit and was loading nursing equipment, supplies and other gear from her home into her car for this patient *Page 3 
visit at approximately 8:00 a.m. when she tripped, fell, and sustained bilateral elbow fractures and a left-wrist injury.
10. As a result of her described injuries, Plaintiff has not reached maximum medical improvement, has not been released from her physicians, and has not been able to return to work.
11. On August 16, 2010, Defendant-Employer terminated Plaintiff from her position as a Baylor Nurse.
12. At and subsequent to the hearing before the Deputy Commissioner the parties submitted the following:
 a. A Packet of Medical Records, which was admitted into the record and marked as Stipulated Exhibit (2);
 b. A Packet of Industrial Commission Forms, which was admitted into the record and marked as Stipulated Exhibit (3);
 c. A Packet of Medical Bills and Expense Records, which was admitted into the record and marked as Stipulated Exhibit (4);
 d. Plaintiff's Resume, which was admitted into the record and marked as Stipulated Exhibit (5);
 e. A Contract of Employment, which was admitted into the record and marked as Stipulated Exhibit (6);
 f. A Registered Nurse Job Description, which was admitted into the record and marked as Stipulated Exhibit (7) and;
 g. A Packet of Photographs, which was admitted into the record and marked as Stipulated Exhibits (8A-8G2).
 *********** *Page 4 
Based upon all the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. As of the hearing date, Plaintiff was sixty (61) years of age with her date of birth being March 16, 1950.
2. Plaintiff received her nursing degree from Massachusetts General Hospital School of Nursing in 1971 and has worked as a registered nurse for most of her adult life. Plaintiff's experience includes working in various nursing capacities at Massachusetts General Hospital from 1971 to 1990. From 1990 to 2000, Plaintiff worked at various medical facilities in Massachusetts as a registered nurse. From 2001 to 2002, Plaintiff worked as a clinical nursing supervisor for a medical group in Georgia. From 2003 to 2009, Plaintiff worked at various medical facilities as a registered nurse in the Virgin Islands.
3. On October 12, 2009, Plaintiff began her employment as a Baylor Nurse for Defendant-Employer. In that capacity, Plaintiff's primary duties involved the admission of patients to home care services, case management, and follow-up skilled nursing visits.
4. Plaintiff was a salaried employee and primarily worked on weekends. Plaintiff was on call from 8:00 a.m. on Saturdays until 8:00 a.m. on Mondays each week. Typically, Plaintiff would go to Defendant-Employer's office on Fridays and retrieve patient charts for that weekend's work. Plaintiff then returned to her home office, reviewed the charts and contacted her patients to schedule her weekend appointments. The appointments were set by Plaintiff depending on the patients' circumstances, preferences, and geographical locations. Plaintiff did not have fixed hours to work each week, but rather scheduled different patient visits at different times each weekend day. *Page 5 
5. On Saturday and Sunday mornings, Plaintiff would load her medical equipment, supplies, charts, and other materials into her personal vehicle and then drive to her patients' homes. Plaintiff provided services to three to six patients each day. After seeing one patient, Plaintiff would then travel to the location of her next patient. Because Plaintiff primarily handled admissions, she usually did not see the same patient twice unless there was an emergency.
6. On Mondays, Plaintiff would go to Defendant-Employer's office to complete her paperwork, call physicians' offices concerning patient appointments and order supplies.
7. In addition to maintaining a home office to conduct business for Defendant-Employer, Plaintiff stored numerous medical equipment, supplies and patient charts for Defendant-Employer at her residence. Plaintiff's job with Defendant-Employer required her to bring medical equipment, supplies and charts with her when she visited with patients. Because many of these items were temperature sensitive, Plaintiff moved her medical equipment and supplies back into her residence from her vehicle when she returned from seeing patients for the day. Depending on the temperature the following day, Plaintiff would either warm or cool her vehicle before loading Defendant-Employer's medical equipment and supplies into her vehicle. As for the patient charts, Plaintiff kept those inside overnight due to privacy and HIPPA concerns.
8. Plaintiff's job required her to perform duties away from Defendant-Employer's premises, but was not limited to a fixed location. Plaintiff had to travel to visit with multiple patients at different locations each weekend day in order to perform the duties associated with her job. Plaintiff's job with Defendant-Employer further required that she load her vehicle with necessary medical equipment, supplies and charts before traveling to see patients. *Page 6 
9. Plaintiff's geographic territory included Pitt and Wilson Counties and she was required to use her personal vehicle to travel to the homes of her patients. Plaintiff was reimbursed by Defendant-Employer for her travel expense, with her mileage being computed portal to portal, meaning from the departure from her residence, to various patient homes, and then back to her home. This reimbursement was provided as a matter of right, incident to Plaintiff's employment contract with Defendant-Employer and her travel was contemplated by Defendant-Employer as a part of her job.
10. On Sunday, February 7, 2010, Plaintiff was scheduled to meet with several patients. It was extremely cold that morning, and at approximately 7:45 a.m., Plaintiff walked the short distance from her residence to her vehicle, entered and started it and then turned on the heat before returning to her residence. At that time, Plaintiff was wearing her nursing uniform and a heavy winter coat. After approximately fifteen (15) minutes, Plaintiff picked up her cooler containing the temperature sensitive equipment, her black gear bag, what she referred to as her Tar Heel bag, and a lunch box. Plaintiff then exited her residence and proceeded to her vehicle in order to load these items. As Plaintiff was carrying these items to her vehicle, she tripped on uneven sidewalk. As Plaintiff began falling forward, she attempted to regain her balance. However, Plaintiff was unable to do so. As a result, Plaintiff fell on her outstretched hands, and fractured both of her elbows.
11. From the Tuesday through Friday preceding her fall, February 2-5, 2010, Plaintiff was not on-call or working, and did not pre-warm her vehicle before driving it.
12. Pursuant to the going and coming rule, injuries sustained by a claimant while driving to and from work are normally not compensable. However, there are four exceptions to this rule which are following: (1) an employee is going to or coming from work but is on the *Page 7 
employer's premises when the accident occurs (premises exception); (2) the employee is acting in the course of his employment and in the performance of some duty, errand, or mission thereto (special errands exception); (3) an employee has no definite time and place of employment, requiring her to make a journey to perform a service on behalf of the employer (traveling salesman exception); or (4) an employer contractually provides transportation or allowances to cover the cost of transportation (contractual duty exception).
13. At the time of her fall on February 7, 2010, Plaintiff's job for Defendant-Employer was to deliver nursing services to patients at their homes. Plaintiff had a scheduled patient visit and was loading nursing equipment, supplies and other items from her residence into her vehicle for this patient visit, an activity that was an essential component of her employment with Defendant-Employer. The performance of this duty by Plaintiff on February 7, 2010, was for the benefit of Defendant-Employer and was peculiar to and incidental to her employment for Defendant-Employer.
14. Plaintiff's fall, which occurred while loading medical equipment, supplies and other items into her personal vehicle, was a risk associated with her employment for Defendant-Employer.
15. Plaintiff's fall occurred while she was on-call and working for Defendant-Employer.
16. The traveling salesman exception to the going and coming rule applies in this matter as Plaintiff had no fixed hours or job location and was required to travel to perform her duties for Defendant-Employer. *Page 8 
17. The contractual duty exception applies in this matter because Defendant-Employer provides transportation or allowances to cover the cost of transportation as a matter of right, incident to Plaintiff's contract of employment.
18. Plaintiff's February 7, 2010 injury by accident arose out of and occurred while in the course of her employment with Defendant-Employer and the consequences thereof are compensable.
19. The issue of the extent of Plaintiff's disability and to what medical compensation she may be entitled is not presently before the Full Commission.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. In workers' compensation cases, a claimant has the burden of proving every element of compensability. Whitfield v. Lab Corp. ofAmer., 158 N.C. App. 341, 581 S.E.2d 778, (2003); Harvey v.Raleigh Police Department, 96 N.C. App. 28, 384. S.E.2d 549, disc. rev. denied,325 N.C. 706, 388 S.E.2d 454 (1989).
2. Claimants are entitled to compensation only for injuries sustained as the result of an injury by accident arising out of and in the course of his or her employment with Defendant-Employer. N.C. Gen. Stat. § 97-2(6). "Arising out of" refers to the cause of the accident; the employee must be about the business of the employer. Hollin v. Johnston Cty. Council on Aging,181 N.C. App. 77, 639 S.E.2d 88 (2007), disc. rev. denied,362 N.C. 235, 659 S.E.2d 732 (2008). "In the course of" points to the time, place, and circumstances under which the accident occurred. Id. *Page 9 
3. Pursuant to the going and coming rule, injuries sustained by a claimant while driving to and from work are normally not compensable. Id. As for the rationale behind this outcome, as opposed to the outcome when a claimant is driving between places of work, the Hollin Court noted that this was due to the fact that:
 "`the risk of injury while traveling to and from work is one common to the public at large.'" (quoting Munoz v. Caldwell Memorial Hospital, 171 N.C. App. 386, 614 S.E.2d 448 (2005)) (quoting Creel v. Town of Dover, 126 N.C. App. 547, 486 S.E.2d 482 (1997)), and that "[a]n employee is not engaged in the business of the employer while driving his or her personal vehicle to the place of work or while leaving the place of employment to go home." (quoting Hunt v. Tender Loving Care Home Care Agency, Inc., 153 N.C. App. 266, 269, 569 S.E.2d 675, 678, disc. rev. denied, 356 N.C. 436, 572 S.E.2d 784 (2002).
Hollin, 181 N.C. App. 77, 639 S.E.2d 88 (2007);disc. rev. denied, 362 N.C. 235, 659 S.E.2d 732 (2008)
4. The "going and coming rule" is subject to the following exceptions: "(1) an employee is going to or coming from work but is on the employer's premises when the accident occurs (premises exception); (2) the employee is acting in the course of his employment and in the performance of some duty, errand, or mission thereto (special errands exception); (3) an employee has no definite time and place of employment, requiring her to make a journey to perform a service on behalf of the employer (traveling salesman exception); or (4) an employer contractually provides transportation or allowances to cover the cost of transportation (contractual duty exception)." Id.
5. The traveling salesman exception to the going and coming rule applies in this matter as Plaintiff had no fixed hours or job location and was required to travel to perform her duties for Defendant-Employer. Munoz v. Caldwell Memorial Hospital,171 N.C. App. 386, *Page 10 614 S.E.2d 448 (2005); Hollin,181 N.C. App. 77, 639 S.E.2d 88 (2007); disc. rev. denied,362 N.C. 235, 659 S.E.2d 732 (2008).
6. The contractual duty exception applies in this matter because Defendant-Employer provides transportation or allowances to cover the cost of transportation as a matter of right, incident to Plaintiff's contract of employment. Hunt v. Tender Loving CareHome Care Agency, Inc.,153 N.C. App. 266, 569 S.E.2d 675, (2002); Hollin,181 N.C. App. 77, 639 S.E.2d 88 (2007); disc. rev. denied,362 N.C. 235, 659 S.E.2d 732 (2008).
7. Plaintiff's February 7, 2010 injury by accident arose out of and occurred while in the course of her employment with Defendant-Employer and the consequences thereof are compensable. N.C. Gen. Stat. § 97-2(6); Hollin,181 N.C. App. 77, 639 S.E.2d 88 (2007); disc. rev. denied,362 N.C. 235, 659 S.E.2d 732 (2008); Munoz,171 N.C. App. 386, 614 S.E.2d 448 (2005); Hunt,153 N.C. App. 266, 569 S.E.2d 675, (2002).
 ***********
Based upon the foregoing Stipulations, Findings of Fact, and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Plaintiff's February 7, 2010 injury by accident arose out of and occurred while in the course of her employment with Defendant-Employer and the consequences thereof are compensable. However, with the issue of the extent of Plaintiff's disability and to what medical compensation she may be entitled is not presently before the Full Commission.
2. Defendants shall bear the costs.
This the 30th day of August, 2011. *Page 11 
 S/___________________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/___________________ DANNY LEE McDONALD COMMISSIONER
 S/___________________ BERNADINE BALLANCE COMMISSIONER *Page 1