***********
The Full Commission has reviewed Deputy Commissioner Harris' Opinion and Award based upon the record of the proceedings and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence and amend the prior Opinion and Award. Accordingly, the Full Commission AFFIRMS IN PART AND REVERSES IN PART the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties are subject to the North Carolina Workers' Compensation Act. *Page 2 
2. An employee-employer relationship existed between plaintiff and defendant-employer at all relevant times.
3. Defendant-carrier is correctly named above.
4. On September 26, 2008, plaintiff sustained a compensable lumbar strain that defendants accepted on a "medical-only" basis.
5. Plaintiff's average weekly wage on September 26, 2008 was sufficient to generate the maximum compensation rate for 2008 of $786.00.
6. Plaintiff's average weekly wage on June 23, 2009 was sufficient to generate the maximum compensation rate for 2009 of $816.00.
7. Plaintiff's average weekly wage on December 3, 2009 was sufficient to generate the maximum compensation rate for 2009 of $816.00.
8. Plaintiff's average weekly wage on May 11, 2010 was $1,226.03, which yields a compensation rate of $817.39.
 *********** EXHIBITS
The following documents were accepted into evidence as stipulated exhibits:
 • Exhibit 1: Executed Pre-Trial Agreement
 • Exhibit 2: Industrial Commission Forms
 • Exhibit 3: Plaintiff's medical records
 • Exhibit 4: Parties' discovery responses
The following documents were accepted into evidence as Plaintiff's Exhibits:
 • Exhibit 1: Four (4) photographs
The following document was accepted into evidence as a Defendants' Exhibit: *Page 3 
 • Exhibit 1: Employee's statement dated 12/3/09
Transcripts of the depositions of the following were also received post-hearing:
 • Dr. Kevin S. Scully
 • Dr. Francis S. Pecoraro
 *********** ISSUES
1. Whether Plaintiff is entitled to any additional compensation for his injury by accident of 26 September 2008 (I.C. No. W87954)?
2. Whether Plaintiff sustained compensable back injuries on 23 June 2009 (I.C. No. W33020), 3 December 2009 (I.C. No. W66626) and/or 11 May 2010 (I.C. No. W89796)?
 ***********
Given the foregoing stipulations, and based upon the preponderance of the evidence in view of the entire record, the Full Commission enters the following:
 FINDINGS OF FACT
1. Plaintiff was born on 26 January 1950. After a career of over 20 years in the United States Marine Corps, plaintiff started working for defendant-employer in about 1990 as a shop foreman in the school bus maintenance shop. In this position, plaintiff spends about half of each day at his desk. The majority of his job is supervisory rather than physical.
2. As of the time of the hearing before the Deputy Commissioner, plaintiff continued to work full-time for defendant-employer in his regular position. He had not missed any work time as a result of the injuries alleged in these claims, other than going to sporadic doctors' appointments. *Page 4 
3. On 26 September 2008, plaintiff was sealing a school bus roof. As he re-entered the bus through the emergency hatch in the roof, his foot missed the top of the seat, and he fell into the bus, twisting and landing on the seat. Plaintiff did not seek medical treatment immediately following this accident. Eventually plaintiff treated with Dr. Tamadon, who diagnosed him with a lumbar strain. As of 13 November 2008 Dr. Tamadon released plaintiff from treatment at MMI and with no activity restrictions. Defendants paid for the treatment that plaintiff received for the 26 September 2008 incident.
4. On 23 June 2009, plaintiff fell while on defendant-employer's premises as he was leaving for his lunch break. As he walked on a sidewalk adjacent to defendant-employer's building, he stumbled forward over a small rock and, after a couple steps, caught himself against a parked car. He did not fall all the way to the ground. Plaintiff initially felt pain down his right leg from his buttock through his knee and into his ankle. Believing that he had injured his right knee in the 23 June 2009 incident, he sought treatment at Medac and was diagnosed with a right knee strain.
5. On 7 July 2009, plaintiff went to see Dr. Scully, an orthopedic surgeon. Dr. Scully took X-rays of plaintiff's spine, which showed "profound narrowing at L5-S1." Dr. Scully assessed plaintiff with degenerative joint disease of the lumbar spine as well as degenerative disc disease and recommended that plaintiff undergo a lumbar MRI.
6. On 24 July 2009, Dr. Scully reviewed a 21 July 2009 MRI and noted that plaintiff reported lower extremity discomfort, more on the right than left. Dr. Scully further noted that the MRI showed far left disc protrusion at L4-5 and L5-S1, with nerve root contact at L4, along with significant degenerative disc disease with retrolisthesis and broad-based disc bulge displacing the left S1 nerve root. Dr. Scully recommended that plaintiff see a neurosurgeon. *Page 5 
7. On 29 July 2009, plaintiff saw Dr. Alsina, a neurosurgeon. Dr. Alsina assessed plaintiff with lumbar stenosis and an intradural mass with an unclear etiology. After another MRI and another consultation, Dr. Alsina continued to assess plaintiff with lumbar stenosis, as well as S1 radiculopathy. He recommended that plaintiff undergo epidural steroid injections.
8. On 29 September 2009, plaintiff presented to Dr. Pecoraro, a physiatrist, for evaluation for epidural steroid injections. Dr. Pecoraro diagnosed multilevel lumbar degenerative disc disease with radicular pain in the L5 distribution. Dr. Pecoraro did an L5-S1 epidural steroid injection on plaintiff on 14 October 2009, and plaintiff's low back and leg symptoms improved markedly.
9. On 3 December 2009, plaintiff was helping a mechanic repair a bus and went to pull out a tray that held two 63-pound batteries. The tray dropped unexpectedly, and plaintiff had to support the full weight of the tray and the batteries until the mechanic came to assist him. The 3 December 2009 incident caused a flare-up of plaintiff's back pain.
10. Plaintiff underwent a third lumbar epidural steroid injection on 12 April 2010.
11. On 11 May 2010, plaintiff was walking through the bus repair shop when a mechanic popped the hood of a bus, causing the hood to rise. As the hood rose, one of the mirrors on the hood struck plaintiff, causing him to stumble into a parts washer nearby. The 11 May 2010 incident again caused a flare-up of plaintiff's back pain
12. Dr. Pecoraro was deposed subsequent to the hearing before the Deputy in this matter. Dr. Pecoraro testified that plaintiff's retrolisthesis was caused by the 23 June 2009 incident. Dr. Pecoraro further testified that one or both of the 26 September 2008 and/or 23 June 2009 incidents caused plaintiff's low back pathology or aggravated a pre-existing condition, *Page 6 
causing it to become symptomatic. Dr. Pecoraro also testified that the 3 December 2009 and 11 May 2010 incidents aggravated plaintiff's low back condition.
13. Although Dr. Scully was deposed subsequent to the hearing before the Deputy in this matter, he did not provide any causation opinions.
14. The preponderance of the evidence in view of the entire record establishes that, on 26 September 2008, while plaintiff was working for defendant-employer, he suffered an injury by accident to his back when he fell from a bus roof's emergency hatch into the bus. This incident constituted an interruption of plaintiff's normal work routine and the introduction thereby of conditions likely to result in unexpected consequences. Further, it was an unlooked for and untoward event that was not expected or designed by plaintiff that arose out of and in the course of his employment with defendant-employer.
15. The preponderance of the evidence in view of the entire record establishes that, on 23 June 2009, while plaintiff was working for defendant-employer, he suffered an injury by accident to his back when he fell on defendant-employer's premises while leaving for his lunch break. This incident constituted an interruption of plaintiff's normal work routine and the introduction thereby of conditions likely to result in unexpected consequences. Further, it was an unlooked for and untoward event that was not expected or designed by plaintiff that arose out of and in the course of his employment with defendant-employer.
16. The preponderance of the evidence in view of the entire record establishes that, on 3 December 2009, while plaintiff was working for defendant-employer, he suffered an injury by accident to his back when a battery tray fell and plaintiff unexpectedly took the weight of the tray and its contents, a weight of over a hundred pounds. This incident constituted an interruption of plaintiff's normal work routine and the introduction thereby of conditions likely *Page 7 
to result in unexpected consequences that arose out of and in the course of his employment with defendant-employer. Further, it was an unlooked for and untoward event that was not expected or designed by plaintiff that arose out of and in the course of his employment with defendant-employer.
17. The preponderance of the evidence in view of the entire record establishes that, on 11 May 2010, while plaintiff was working for defendant-employer, he suffered an injury by accident to his back when he was struck by the hood mirror of a school bus as the hood was released and rose unexpectedly, causing plaintiff to be knocked into a machine. This incident constituted an interruption of plaintiff's normal work routine and the introduction thereby of conditions likely to result in unexpected consequences that arose out of and in the course of his employment with defendant-employer. Further, it was an unlooked for and untoward event that was not expected or designed by plaintiff that arose out of and in the course of his employment with defendant-employer.
18. The preponderance of the evidence in view of the entire record establishes that plaintiff's back condition was caused, aggravated, or accelerated by the 26 September 2008, 23 June 2009, 3 December 2009, and 11 May 2010 workplace accidents.
19. The preponderance of the evidence in view of the entire record establishes that the medical treatment plaintiff received following the 26 September 2008, 23 June 2009, 3 December 2009, and 11 May 2010 accidents was reasonable and medically necessary, and was reasonably calculated to affect a cure and give relief from the conditions consequent of the 26 September 2008, 23 June 2009, 3 December 2009, and 11 May 2010 accidents.
 *********** *Page 8 
Given the foregoing stipulations and findings of fact, based upon the preponderance of the record in view of the entire record, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. On 26 September 2008, while plaintiff was working for defendant-employer, he suffered a compensable injury by accident to his back when he fell from a bus roof's emergency hatch into the bus. This incident constituted an interruption of plaintiff's normal work routine and the introduction thereby of conditions likely to result in unexpected consequences. Further, it was an unlooked for and untoward event that was not expected or designed by plaintiff that arose out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6); Harding v.Thomas Howard Co., 256 N.C. 427 (1962). Our courts have held that an injury is compensable if it is caused by an accident that arises out of employment, materially accelerates or aggravates a preexisting condition, and proximately contributes to disability. N.C. Gen. Stat. § 97-2(6); Brown v. Family Dollar Distrib.Ctr., 129 N.C. App. 361, 364, 499 S.E.2d 197, 199 (1998).
2. On 23 June 2009, while plaintiff was working for defendant-employer, he suffered a compensable injury by accident to his back when he fell while on defendant-employer's premises while on his lunch break. This incident constituted an interruption of plaintiff's normal work routine and the introduction thereby of conditions likely to result in unexpected consequences. Further, it was an unlooked for and untoward event that was not expected or designed by plaintiff that arose out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6);Harding v. Thomas Howard Co., 256 N.C. 427 (1962). Our courts have held that an injury is compensable if it is caused by an accident that arises out of employment, materially accelerates or aggravates a preexisting condition, and *Page 9 
proximately contributes to disability. N.C. Gen. Stat. § 97-2(6); Brown v. Family Dollar Distrib.Ctr., 129 N.C. App. 361, 364, 499 S.E.2d 197, 199 (1998).
3. Regarding plaintiff's 23 June 2009 fall, to be compensable, an accident must both arise out of as well as occur in the course of the plaintiff's employment. N.C. Gen. Stat. § 97-2(6); Powers v.Lady's Funeral Home, 306 N.C. 728 (1982); Barham v. FoodWorld, 300 N.C. 329 (1980). The North Carolina Court of Appeals has discussed, at length, these requirements in relation to workers' journeys to and from work. Recently, in Hollin v. Johnston CountyCouncil on Aging, 181 N.C. App. 77, 639 S.E.2d 88 (2007),disc. rev. denied, 362 N.C. 235, 659 S.E.2d 732 (2008), the Court went through a detailed analysis as follows. Generally, "`injuries sustained by an employee while going to or from work are not ordinarily compensable' because the injuries do not arise out of or in the course of employment." Munoz v. Caldwell Mem'lHosp., 171 N.C. App. 386, 389 (2005) (quoting Bass v.Mecklenburg County, 258 N.C. 226, 231-32 (1962)). This is called the "coming and going" rule. The North Carolina Court of Appeals has articulated exceptions to the "coming and going" rule:
 Exceptions to this rule have been recognized when: (1) an employee is going to or coming from work but is on the employer's premises when the accident occurs (premises exception), (2) the employee is acting in the course of his employment and in the performance of some duty, errand, or mission thereto (special errands exception), (3) an employee has no definite time and place of employment, requiring her to make a journey to perform a service on behalf of the employment (traveling salesman exception), (4) an employer contractually provides transportation allowances to cover the cost of transportation (contractual duty exception).
(Internal citations omitted.) Stanley v. Burns InternationalSecurity Services, 161 N.C. App. 722, 725 (2003). In this case, inasmuch as plaintiff was injured while in the process of leaving defendant-employer's premises for his lunch break, but while still on defendant-employer's *Page 10 
premises, the "premises exception" to the "coming and going" rule applies and plaintiff's 23 June 2009 fall arose out of and in the course of his employment with defendant-employer and is compensable.
4. On 3 December 2009, while plaintiff was working for defendant-employer, he suffered a compensable injury by accident to his back when a battery tray fell and plaintiff unexpectedly took the weight of the tray, which had contents that weighed over a hundred pounds. This incident constituted an interruption of plaintiff's normal work routine and the introduction thereby of conditions likely to result in unexpected consequences that arose out of and in the course of his employment with defendant-employer. Further, it was an unlooked for and untoward event that was not expected or designed by plaintiff. N.C. Gen. Stat. § 97-2(6); Harding v. Thomas Howard Co.,256 N.C. 427 (1962). Our courts have held that an injury is compensable if it is caused by an accident that arises out of employment, materially accelerates or aggravates a preexisting condition, and proximately contributes to disability. N.C. Gen. Stat. § 97-2(6); Brown v. Family Dollar Distrib.Ctr., 129 N.C. App. 361, 364, 499 S.E.2d 197, 199 (1998).
5. On 11 May 2010, while plaintiff was working for defendant-employer, he suffered a compensable injury by accident to his back when he was struck by the hood mirror of a school bus as the hood was released and rose unexpectedly, causing plaintiff to be knocked into a machine. This incident constituted an interruption of plaintiff's normal work routine and the introduction thereby of conditions likely to result in unexpected consequences that arose out of and in the course of his employment with defendant-employer. Further, it was an unlooked for and untoward event that was not expected or designed by plaintiff. N.C. Gen. Stat. § 97-2(6); Harding v. Thomas Howard Co.,256 N.C. 427 (1962). Our courts have held that an injury is *Page 11 
compensable if it is caused by an accident that arises out of employment, materially accelerates or aggravates a preexisting condition, and proximately contributes to disability. N.C. Gen. Stat. § 97-2(6); Brown v. Family Dollar Distrib.Ctr., 129 N.C. App. 361, 364, 499 S.E.2d 197, 199 (1998).
6. Plaintiff is entitled to have defendants provide all medical treatment, incurred or to be incurred, necessitated by the 26 September 2008, 23 June 2009, 3 December 2009, and 11 May 2010 compensable accidents when bills for the same have been approved pursuant to Industrial Commission Procedures. N.C. Gen. Stat. §§ 97-2(19); 97-25.
 ***********
Given the foregoing stipulations, findings of fact, and conclusions of law, based upon the preponderance of the record in view of the entire record, the Full Commission enters the following:
 AWARD
1. Defendants shall pay all medical expenses incurred or to be incurred as a result of the compensable injuries of 26 September 2008, 23 June 2009, 3 December 2009, and 11 May 2010 when bills for the same have been approved pursuant to Industrial Commission Procedures.
2. Defendants shall pay the costs.
This the 7th day of October, 2011.
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 12 
 CONCURRING: S/___________________ LINDA CHEATHAM COMMISSIONER
 S/___________________ TAMMY R. NANCE COMMISSIONER

 *Page 1